*Criminal law—Election frauds—Evidence—Identity—Judge of elections.*

In an indictment charging an election officer with having conducted a fraudulent election it was claimed that the evidence on the part of the Commonwealth did not show that the defendant was an election officer, nor prove specific acts of misconduct in the election. There was testimony that fraud was perpetrated, that defendant was present at the election and participated in the conduct of it. His name appeared as judge of election in the return and in the

## 176   COMMONWEALTH *v.* KAZMAN, Appellant.

voucher for compensation.   No evidence was offered by defendant.

Such testimony, in the absence of contradictory evidence, was sufficient to go to the jury and a conviction will be sustained.

Identity of name is prima facie evidence of identity of person, and in the absence of any denial the presumption of identity is sufficient to send the case to the jury.

The judge of election is presumed to have general oversight of the manner in which it is conducted by the board.   It was not necessary to show the relation of the judge of elections to the particular fraudulent acts charged.

Argued October 5, 1927.   Appeals Nos. 212, 213 and 214, October T., 1927, by defendant from judgments and sentence of the Q. S. Philadelphia County, August T., 1926, Nos. 740, 741 and 745, in the case of Commonwealth of Pennsylvania v. William Kazman.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for fraudulent conduct of elections.   Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned,* among others, was the judgment and sentence.

*Otto Kraus, Jr.,* and with him *Benjamin M. Golder,* for appellant.

*Charles C. Gordon,* Assistant District Attorney, and with him *Charles Edwin Sox,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

The defendant has appealed from a conviction in the Court of Quarter Sessions of Philadelphia County on

three indictments in one of which the charge was that
as a judge of elections at the primary election held
on September 15, 1925, in the fortieth election district
of the Twenty-fourth Ward of Philadelphia, he per-
mitted persons to vote who were not qualified to do so
at the election then held.  A second indictment charged
the defendant and others, acting as an election board
at the said primary election, with certifying a return
of said election as correct when they knew that the
same was not true.  In the third indictment, the ap-
pellant and the other persons alleged to have been
members of the election board were charged with add-
ing fictitious names to the list of voters, and in a sec-
ond count with conspiracy to add such names.  When
the cases were called for trial, the defendants stood
mute and pleas of not guilty were directed to be en-
tered.  The cases were tried together and were pre-
sented to the jury on the evidence introduced by the
Commonwealth, no testimony having been offered by
the defendant.  A verdict of guilty was returned on
each indictment.  It is now urged by the appellant's
counsel that binding instructions should have been
given for the defendant for the reason that the evi-
dence did not show the appellant was an election
officer, secondly that evidence introduced to show
the appellant was a candidate for judge of elec-
tions in that district at the prior election for such
officer was incompetent; and thirdly, that there was
a lack of evidence of specific acts of criminal mis-
conduct on the part of appellant and his co-de-
fendants to support a conviction either of actual
fraud or conspiracy in the conduct of the election.
We have carefully examined the evidence presented
in the record and are not convinced that any of
the positions taken can be maintained.  That a gross
fraud was perpetrated in the return of the votes
cast at the election in question seems not be be dis-

puted. It was charged, and the uncontradicted evidence tends to show, that numerous names appeared on the list of voters in the return made, some of whom were dead, and others of whom did not reside in the district and did not vote. It was objected, however, that it does not appear that the appellant was judge of the election or that he had any responsibility with respect thereto. That he was present at the election and participated in some measure in the conduct of it was shown in the evidence. His name appears as judge in the return made of the election and also in the voucher signed by him for compensation. It is true that no witness was called to prove that these documents were actually signed by him, but as was held in Commonwealth v. Cover, 281 Pa. 429, identity of name is prima facie evidence of identity of person, and in the absence of any denial, the presumption of identity is sufficient to send the case to the jury. The election returns were produced by an official of the office where they were properly kept and in the absence of any impeachment of their authenticity are presumed to be what they appear to be. There was evidence to show that the name of the defendant on the nomination petition at the preceding election and the name on the return sheet of the election in question were written by the same person. There was evidence therefore for the consideration of the jury on the question of identity. It is not the duty of the court, but of the jury, in such circumstances to decide whether the identification is sufficiently made out. In view of the fact that the appellant was present at the trial of the case and refrained from introducing any evidence that he was not the election officer charged in the indictment and shown by the election return and pay voucher, we find no sufficient reason for sustaining the appellant's contention with respect to his official position. While the evidence of the notary, Mr. Jennings, as to the ac-

knowledgment of the nomination petition by the appellant does not identify the defendant as being the individual who attached the signature, we regard the paper as competent in connection with other evidence for the purpose of showing that he was the judge of election of the district. On such a state of the evidence, the jury could well find that the defendant exercised the office of judge of election at the time referred to. It was not necessary for the Commonwealth to show the relation of the judge of elections to the particular fraudulent acts charged. The trial judge described clearly and properly to the jury the respective duties of the officers of an election board, and in view of the number and character of the frauds shown to have been perpetrated, it is not to be believed that the judge of elections was ignorant of the deceptions practiced and of the misrepresentations made in the election returns. It was well said by the trial judge that if objections of the character referred to are to prevail, it would be practically impossible to sustain a conviction of election officers for criminal misconduct. The judge of the election is presumed to have general oversight of the manner in which it is conducted by the board, and a jury must determine under such evidence as was presented in this case whether the defendant, as such officer, was ignorant of all the fraudulent acts perpetrated by those conducting the election.

The assignments of error are overruled and the judgment affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence.