## Commonwealth v. Estep

*P. Nelson Alexander,* Assistant District Attorney, for Commonwealth.

*Daniel W. Shoemaker,* for defendant.

ATKINS, P. J., July 27, 1970. — Defendant in this case was charged with a misdemeanor of operating a motor vehicle on the highway while his operating privileges were suspended. He was represented with arraignment counsel on August 1, 1969, when a plea of not guilty was entered and the arraignment judge stated that the case "is for trial at this term of Court."

On August 19, 1969, the case was called for trial in the late afternoon. Defendant's counsel then reported that defendant had not responded to his letters and had not furnished him the names of any witnesses and had not made any arrangements for compensation to his counsel. Counsel had, however, seen defendant at noon that day and suggested that he secure other counsel.

Defendant was seen in and about the courthouse during the day but when the case was called for trial, he was not around. He was aware that the case would be called either that day or the following day, which was Wednesday. The trial judge then advised counsel to try to have his client in court the next morning, Wednesday, August 20, 1969.

On Wednesday morning, the case was called and proceeded to trial, although defendant was not present and his counsel had been unable to reach him.

After defendant was found guilty by a jury, a motion for new trial was filed, alleging as error the admission of testimony by an observer to certain statements of defendant without first holding a Jackson v. Denno hearing and that proper foundation was not laid for the admission of such statements.

He also objected to the Commonwealth exhibit because it contained prejudicial information in the nature of other unrelated convictions. He also alleges that the exhibit which was admitted in evidence was admitted without proof and certification, this exhibit being a certified copy of defendant's driving record as certified by the Secretary of Revenue. He further alleged that the charge of the court was contrary to law and that a demurrer should have been sustained.

We shall consider only the matters covered by counsel in his brief and treat those not briefed as abandoned.

The first point briefed is whether Pa. R. Crim. P. 1117 authorized the court to proceed with the trial in the absence of defendant. The pertinent portion of that rule is: "The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict."

As we understand defendant's position, it is that the last quoted sentence applies only to a trial that has commenced by permitting a trial to proceed without defendant being present, where he absents himself without cause after the trial has begun. The

word "proceed" is used to mean "to carry out some action or process." See Webster's Third New International Dictionary. It is perhaps unfortunate that the rule does not clearly indicate in which sense the word "proceed" is intended to be used. We conclude that it is used in the broader sense to mean that the trial may begin and continue in the case of defendant's absence without cause. There is no doubt that a person accused of a crime may waive his right to be present at his trial: Illinois v. Allen, 397 U. S. 331, 25 L. Ed. 2d 353; Commonwealth v. Gabel and Gabel, 79 Pa. Superior Ct. 59.

In many jurisdictions, statutory authority to proceed with a criminal trial where defendant was absent without cause has been upheld. See 68 A.L.R. 2d 638.

We conclude, therefore, that in this case where it clearly appears that defendant was aware of his pending trial and was, in fact, in the courthouse the day before it was actually begun and was represented by competent and experienced counsel, the court committed no error by proceeding with the trial in his absence without cause pursuant to Pa. R. Crim. P. 1117.

Defendant then alleges that his demurrer should have been sustained because the vehicle in his case was inoperable. He says in his brief that the court charged "that the car in question, whether or not it had a motor was a motor vehicle and could be operated." This isn't quite true. What the court said was, "Now, the fact that the motor of this automobile may not have been operable at the time and for some mechanical reason couldn't be started, doesn't prevent the vehicle in which that motor was located from being a motor vehicle."

There are, however, at least two cases that do hold that an indictment will not be quashed in this kind of case where it appears that defendant was steering a car without a motor in it while it was being pushed by

another vehicle: Commonwealth v. Smith, 25 D. & C. 2d 102. Here, defendant was seen in the car being pushed by another car. The officer who had been traveling in the opposite direction turned around and came back and then saw defendant driving the car on a highway about 50 feet in front of the other vehicle. When the officer reached the vehicle being operated by defendant, it was stopped and the motor was not running. There is no evidence in the record whether the motor was or was not operable.

This testimony supports the charge of operating a motor vehicle while his operator's license was under suspension. See Commonwealth v. Dyer, 73 D. & C. 199.

Defendant then accuses that the Commonwealth did not show that defendant is the same George J. Estep as the person whose license was suspended. ". . . Identity of name is prima facie evidence of identity of person, and in the absence of any denial, the presumption of identity is sufficient to send the case to the jury": Commonwealth v. Kazman, 92 Pa. Superior Ct. 175; Commonwealth v. Burton, 164 Pa. Superior Ct. 158.

Defendant finally accuses that the court erred in admitting a confession of defendant into evidence. The statement referred to was that of defendant telling the officer of his address that he had recently moved to and of his former address. This conversation can in no way be considered a confession. However, since a distinction between admissions and confessions has been done away with so far as their admissibility is concerned, we will pass on the objection.

No motion to suppress was made pursuant to Pa. R. Crim. P. 324. Defendant's counsel excuses his failure to move to suppress the statement because he did not know about it. Defendant certainly knew of it and counsel is charged with the knowledge of de-

fendant. He certainly had a responsibility to cooperate with his counsel to assist in the preparation of the case and had he done so, counsel would have learned of this conversation.

Accordingly, we enter this

## ORDER

And now, July 27, 1970, it is ordered, adjudged and decreed that the motion for a new trial filed on behalf of defendant, George Estep, be and is hereby refused and defendant is directed to appear for sentence on August 10, 1970, at 10 a.m.