## Commonwealth *v*. Gabel and Gabel, Appellants.

*Criminal procedure—Trials by jury—Trial and absence of defendants—Constitutional rights.*

In Pennsylvania a defendant, whether indicted for a felony or a misdemeanor cannot be tried in his absence unless he has expressly or impliedly waived the right to be present.

In a criminal trial, where the prisoner is present but stands mute the court may enter a plea of not guilty. Where a defendant does not appear when the case is called for trial, the proper practice is for the court to grant fresh process against him for the purposes of justice to answer the indictment. There is no authority in the court, when the prisoner is not present, to enter a plea of not guilty and proceed with the trial.

At the trial of an indictment for keeping a gambling house, it was error for the court, in the absence of the defendants, to enter

a plea of not guilty, where the defendants had not waived the right to be present in person, during the impaneling of the jury and the presentation of the testimony of the Commonwealth.

*Criminal law—Trials—Province of jury and court.*

In criminal proceedings the juries are the judges of the law as well as of fact, that is, the law as given to them by the court and the facts as shown by the evidence. They are bound to take the law from the court; but so taking it they have the right to apply it to the facts as they may find them to be proved and to announce the result of the whole by a general verdict.

Argued April 10, 1922. Appeal, Nos. 116 and 117, April T., 1922, by defendants, from judgment of Q. S. Erie Co., Nov. Sessions, 1921, No. 22, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John Gabel and Charles W. Gabel. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Indictment for keeping a gambling house and for enticing others to visit a gambling house. Before HIRT, J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned,* among others, were refusal of defendant's motions to withdraw a juror and continue the case, refusal to grant a new trial, and the sentence of the court.

*S. Y. Rossiter,* for appellants.—The court had no authority to proceed with the trial of the case in the absence of the defendants: 8 R. C. L. 85; 16 Corpus Juris 818; Com. v. House, 6 Pa. Superior Ct. 92.

In a criminal case the jury are the judges of both law, and facts; Kane v. Commonwealth, 89 Pa. 522; Com. v. Goldberg, 4 Pa. Superior Ct. 142; Com. v. Stern, 58 Pa. Superior Ct. 597.

*Otto Herbst,* Assistant District Attorney, and with him *C. Arthur Blass,* District Attorney, for appellee, cited: Com. v. Keck, 148 Pa. 639; 8 R. C. L. 90; Com. v. Lehigh Valley R. R. Co., 165 Pa. 162; Diaz v. U. S., 223 U. S. 442; Lynch v. Com., 88 Pa. 189; Jacobs v. Com., 5 S. & R. 315.

OPINION BY PORTER, J., July 13, 1922:

These defendants having been charged, before an alderman of the City of Erie, with keeping a common gambling house, gave bail for their appearance to answer the charge at the next court of quarter sessions of the peace for the County of Erie. An indictment, containing two counts, charging them jointly with keeping a common gambling house and soliciting other persons to visit the said gambling house, was found against them upon said charge. They were jointly tried and their appeals may be disposed of by one opinion. The defendants were called for trial on the 14th day of November 1921. They failed to appear, either in person or by their attorney, nor had any plea been entered by them. When the defendants failed to appear the court ordered the plea of not guilty to be entered in their behalf, and a jury was impaneled and sworn and the testimony of the Commonwealth presented, in the absence of the defendants. When the testimony of the Commonwealth had been completed, the learned judge said: "We will now adjourn until morning, and in the meantime, you might try to get word to these two defendants to be here." The defendants appeared the next morning with their attorney, who moved the court to withdraw a juror and continue the cause, for the reason that the case had not been scheduled for trial upon the preceding day, that the defendants had no notice that it would be called for trial on that day and that they had been deprived of rights guaranteed them under the Constitution and laws of Pennsylvania. The court overruled the motion and ordered the trial to proceed. Counsel for the defend-

ants then cross-examined some of the witnesses for the Commonwealth, who were recalled, moved to strike out a part of the testimony of one of those called, and then said to the court that the defendants had not been in position to produce witnesses. The court charged the jury, and the result was a verdict of guilty as indicted. The defendants then made a motion for a new trial, assigning, among other reasons, that the plea had been entered, the jury impaneled and the testimony of the witnesses for the Commonwealth presented in the absence of the defendants and their attorney; that the defendants had had no opportunity in person or by their attorney, to exercise any right of challenge of jurors and that they had had no opportunity to be present at the presentation of the Commonwealth's case in chief. The court overruled the motion for a new trial, granting an exception to the defendants and sentenced defendants.

Promptness in the administration of justice is commendable, but haste which disregards fundamental principles may prove disastrous. President Judge RICE said, in Commonwealth v. House, 6 Pa. Superior Ct. 111: "No Pennsylvania case has held, or, as we firmly believe, ever will hold, that a defendant, whether indicted for a felony or a misdemeanor, can be tried in his absence, unless he has expressly or impliedly waived the right to be present." The correctness of that statement has not been challenged by any decision which the industry of counsel in the present case, nor our own exhaustive research has been able to discover. These defendants consented to nothing, and waived no right. The only difficulty in the case arises out of the fact that the learned counsel for the appellants did not take an exception to the refusal of the court to discharge a juror and continue the cause, when upon the second day of the trial they came into court and objected to what had been done in their absence. Counsel for defendants did object to what had been done, but it may be said that because of his failure

to take an exception that objection was not technically brought upon the record. The question presented is, however, one involving the fundamental rights of all persons accused, whether justly or unjustly, of crimes or misdemeanors, and the mere fact that counsel failed to take an exception to the refusal of the court to withdraw a juror, which is the subject of the first assignment of error, ought not to be construed to be a waiver of the right of the defendants to be present in person, or by their attorney, during the impaneling of the jury and the presentation of the testimony of the Commonwealth. The defendants did raise the question of the irregularity of the action of the court in entering a plea, impaneling a jury and proceeding with the trial in their absence by their motion for a new trial, and the refusal of that motion was brought upon the record by an exception, upon which is founded the fifteenth assignment of error. We cannot reverse the action of the court below in passing upon an application for a new trial, except in the case of a manifest abuse of discretion, and it has been said that the courts will not sustain an assignment of, error to the refusal of a new trial, because of rulings to which the appellant has taken no exception at the trial. In this case, however, neither the defendants nor their counsel were present when the court entered the plea of not guilty, nor when the jury was sworn, nor during the presentation of the Commonwealth's case in chief; they had no opportunity to take an exception to this action of the court at the time it occurred. It was, therefore proper for them to raise the questions involved by a motion for a new trial. The charge was brought upon the record by a general exception and for fundamental errors therein appearing, may be considered as a part of the record. This charge clearly discloses that the jury had been impaneled and the testimony of the Commonwealth presented in the absence of the defendants and their counsel, for the court took pains to explain to the jury why it was done, saying: "The defendants

were not here, and in the absence of the defendants we
proceeded with the Commonwealth's side of the case.
There was no disposition on the part of the court to take
any advantage of these defendants, and for their pro-
tection this court adjourned yesterday afternoon at the
completion of the Commonwealth's case, and directed
the district attorney to get notice to the defendants im-
mediately so that they could come into court this morn-
ing and examine the witnesses, and to present their side
of the case if they so desired." Furthermore, the plea
of the defendants is always part of the record. The
necessity for an appearance is to bring the case to an
issue. At common law the necessity for an appearance
as well as a plea was inexorable, for the fundamental
idea of all common law actions was that they must de-
velop a defined issue. If the defendant stood mute, an-
swered not at all or in a manner not relevant to the
purpose, there was no issue and, therefore, no trial.
The case was halted and resort was had to the peine
forte et dure, to obtain a plea. The prisoner was put to
death, but he was never tried for the offense with which
he was charged. With us, and long since in England,
a humane substitute for this cruel proceeding has been
provided by statute and, when a prisoner stands mute,
the court orders the plea of not guilty to be entered.
But there is no statute authorizing the court to enter a
plea of not guilty when the prisoner is not present, when
he does not appear. We cannot ignore the fact that it
appears from the record proper that the court entered
a plea of not guilty for these defendants when they were
not present and not represented by their attorney, which
it was without authority to do. Without a plea there
could be no trial, yet the court below proceeded with
the trial in the absence of the defendants.

When, at common law, a prisoner failed to appear
he was not tried in his absence, but the end sought was
commonly attained indirectly by process of outlawry.
In Pennsylvania the process of outlawry has been prac-

tically abolished by statutes, as to all misdemeanors and lesser felonies and is limited to a few of the more serious felonies designated by the Act of March 31, 1860, section 73, P. L. 447. These defendants had given bail for their appearance, to answer the charge, and not depart the court without leave. They are presumed to have been in the custody of the bail. If they failed to appear, as by their recognizance required, the recognizance might have been forfeited in the proper manner. The effect of a forfeiture upon the bail is a matter which it is not necessary to discuss. The proper course, so far as the defendants were concerned, was for the court to grant fresh process against them for the purposes of justice, to answer the indictment. When, at common law, a defendant appeared and afterwards, before issue joined, made an escape, whether from his bail or from an actual prison, a capias was awarded against him and, if not apprehended, the proceedings were conducted to judgment of outlawry, unless he appeared; 2 Hawkin's Pleas of the Crown, chapter 27, sections 19 and 20. When the defendant is an individual a capias is clearly applicable. Such a case is entirely different from that of a corporation, against which a capias cannot be executed, and it was held, for that reason, in Commonwealth v. Lehigh Valley R. R., 165 Pa. 162, that when a corporation had been summoned by a venire facias ad respondendum and failed to appear, judgment might be entered by default. In all misdemeanors the accused may waive his right to be present at the trial and appear by attorney, but there is nothing in this case indicating that the appellants had expressly waived their right to be present, nor anything which clearly implied such waiver. There is no distinction between the several grades of misdemeanors, so far as the right to be present at the trial is concerned. If these defendants could be tried in their absence, and when they were not represented by counsel, then any defendant accused of perjury, forgery, bigamy, or other high misdemeanor, may.

be tried in the same manner. Had appellants entered their plea, and the jury been impaneled in their presence, and they had subsequently absented themselves during the progress of the trial, an entirely different question would have been presented; Diaz v. United States, 223 U. S. 505; Lynch v. Commonwealth, 88 Pa. 189.

If it is within the power of the court to enter for the defendant a plea of not guilty, when he is absent and not represented by an attorney, this could be done, in the case of a defendant who has given bail to answer, as soon as the indictment is found. The defendant would thus be deprived of the right to raise any question as to the regularity of the drawing, summoning and return of the grand jury which had found the indictment or of the petit jury which was to pass upon his guilt or innocence, for, the Act of March 31, 1860, section 53, P. L. 443, provides that pleading the general issue shall be a waiver of all such errors and defects. The action of the court in proceeding to try the case in the absence of the defendants deprived them of the right to challenge any juror for cause and to challenge peremptorily individual jurors to the number expressly allowed by statute. Trial by jury becomes a mockery if it is proper to proceed in a criminal case in the absence of the defendant, when he has not expressly or impliedly waived the right to be present. The right of one charged with crime to be present at his trial is by the people of Pennsylvania regarded as so precious that they have denied to the legislature the power to interfere with it, by including in our Declaration of Rights this provision: "In all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face." This provision of the Constitution secures to the defendant the right to observe the manner in which the trial is conducted, the temper and manner of the witnesses, to object to the introduction of

evidence which is incompetent or irrelevant and to direct the attention of the court to anything injurious to his cause and in violation of his rights under the law. "In misdemeanor cases particularly where the punishment may be by imprisonment, defendant has a right to be present during the trial and a trial and conviction in his absence is invalid; unless he may and does waive his right to be present;" 16 Corpus Juris 818. A mere formal proffer of an opportunity, where the circumstances are such that the accused cannot effectively avail himself of it, is not sufficient observance of the right, to meet witnesses face to face; 8 R. C. L. 85. Authorities sustaining the right of the accused to be present at his trial might be cited without number, but that is unnecessary, for the question has long ceased to be debatable. These defendants may be, perhaps are guilty, but even if they should escape punishment, that were an evil much less than an attempt by the courts to abrogate principles of abstract justice, and constitutional guaranties. The court below abused its discretion in refusing a new trial and the 15th specification of error is sustained.

The other assignments of error do not merit serious discussion. When the case comes to be again tried the learned counsel representing the defendants will have recovered from the irritation produced by the discovery that the trial had proceeded in his absence and that of his clients and will not attempt to induce the jury to disregard the instructions of the court as to the law applicable to the facts. Should the court be again asked to affirm the point that "The jury are judges of the law as well as of the fact," the court will no doubt answer in the manner approved by the Supreme Court in Commonwealth v. McManus, 143 Pa. 85. These defendants were not charged with gambling privately, among themselves. The first count charged them with setting up, in a room under their control, certain gambling devices, at which money or other valuable thing was played for, or staked

or betted upon, and of procuring and permitting persons to collect and assemble in the said room for the purpose of playing at, and staking or betting upon such games or devices, and the second count charged that they did solicit, invite and persuade persons to visit said room, kept for the use of gambling. The counts were drawn under the 55th and 57th sections of the Act of March 31, 1860, and conformed to the language of the statute. The offenses are by the statute clearly defined, and any person who does the act there prohibited is liable to punishment, no matter whether it is done in a club or elsewhere. Gambling between individuals, may or may not be an offense, dependent upon when, where and how it is done. Gaming was not per se indictable at common law, keeping a common gaming house was, however, indictable at common law. The offense is in the nature of a nuisance, a continuing one. The identity of the persons who had control of this gambling room and the devices therein contained was a fact material to the issue being tried, and it was entirely competent for the Commonwealth to produce evidence establishing that these defendants, or either of them, exercised control over the room and the devices on the day charged in the indictment as well as upon other days before and after that date.

The judgments are reversed and a venire facias de novo awarded.