James MONROE et al., Plaintiffs-
Appellants,

v.

Frank PAPE et al., Defendants-Appellees.

No. 12697.

United States Court of Appeals
Seventh Circuit.

Nov. 23, 1959.

Donald P. Moore, John W. Rogers, Chicago, Ill., for appellant.

John C. Melaniphy, Corp. Counsel, Harry H. Pollack, Asst. Corp. Counsel, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This action was brought in the district court under the Federal Civil Rights Act, 42 U.S.C.A. §§ 1983, 1985 and 1986, to recover damages for the alleged misconduct of the defendant Chicago, Illinois police officers. Such misconduct was claimed to be in violation of the rights of plaintiffs under the Fourteenth Amendment to the Constitution of the United States. The City of Chicago, Illinois was joined as a defendant, liability being predicated on the doctrine of *respondeat superior*. The trial court entered an order dismissing the complaint on defendants' motion on the ground that the complaint failed to state a cause of action under the Act, then denied leave to amend; this appeal followed.

The plaintiffs are James Monroe and Flossie Monroe, husband and wife, and their six children represented by their mother, Flossie Monroe, as next friend. The defendants are Frank Pape, Deputy Chief of Detectives of the Chicago Police Department, and twelve unknown police officers assigned to the Detective Bureau designated as John Doe No. 1 to and including No. 12, and the City of Chicago, Illinois. The complaint contains nine counts.

Counts charging violation of 42 U.S.C.A § 1983 are Counts I, IV and VII. Count I contains the basic factual allegations constituting plaintiffs' cause of action and seeks recovery of damages for James Monroe. Count IV incorporates the facts alleged in Count I and seeks recovery for Flossie Monroe, as does Count VII on behalf of the six Monroe children.

Counts charging violation of 42 U.S.C.A. § 1985 are Counts II, V and VIII, charging a conspiracy of defendants to commit the acts alleged in Count I, again praying damages for James Monroe, Flossie Monroe and the six Monroe children, respectively.

Counts charging violation of 42 U.S.C.A. § 1986 are Counts III, VI and IX, charging failure of each of the defendants to make any effort to prevent the accomplishment of the above conspiracy

and seeking recovery for James Monroe, Flossie Monroe and the six Monroe children, respectively.

■ The complaint alleges an unreasonable search and seizure, a series of unjustified batteries and a long, inherently coercive and unjustifiably secret detention committed against plaintiffs by defendants acting under color of law. Since this matter is before us on the ruling granting the motion to dismiss, we are required to treat the allegations of gross misconduct as true for the purpose of review; and they need not be detailed in this opinion. Plaintiffs claim these acts violated their *due process* rights under the Fourteenth Amendment and give rise to a proper cause of action under Section 1983 of the Act. They further contend that a conspiracy to commit these acts violated their rights to *equal protection of the law* and furnish a proper basis for recovery under Section 1985. By the same reasoning they contend that the allegations charging a failure to prevent the conspiracy sustain their right to recover under Section 1986.

■ The ultimate issue before us is whether the alleged misconduct on the part of *city police officers* of a state municipality makes a sufficient showing of a violation of the Federal Civil Rights Act.

This question is not new to this court and has been resolved adversely to plaintiffs' contentions. The most recent decision is that of Stift v. Lynch, 7 Cir., 1959, 267 F.2d 237. In Stift, recovery was sought under the same three sections of the Act as in the instant case. Named as defendants were a sheriff and deputy sheriff, in addition to a Justice of the Peace and the State's Attorney and his assistant. The dismissal of the complaint as to all defendants was affirmed. In sustaining the dismissal as to the sheriff and his deputy, the court said:

"Under our decisions in Eaton v. Bibb, 7 Cir., 217 F.2d 446; Miles v. Armstrong, 7 Cir., 207 F.2d 284 and United States ex rel. Atterbury v. Ragen, 7 Cir., 237 F.2d 953, we hold

the complaint herein did not state a claim under the Federal Civil Rights Act upon which relief could be granted against defendants Lynch and Eichholz." Id., 267 F.2d at page 240.

Stift distinguishes Wakat v. Harlib, 7 Cir., 1958, 253 F.2d 59. See also, Jennings v. Nester, 7 Cir., 1955, 207 F.2d 153.

We do not condone the alleged misconduct of defendants, if true, but that is not the question before us. Under the holding in Stift v. Lynch, supra, and the other decisions of this circuit referred to therein, some of which are cited above, affirmance of the dismissal before us necessarily follows. Plaintiffs are not without their remedy in the state court.

In view of such a determination there is no claim for relief against the City of Chicago.

The order dismissing the complaint is Affirmed.