Weiss *v.* Jacobs, Appellant.

Argued September 25, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*William Claney Smith,* with him *August L. Sismondo,* for appellant.

*Milton D. Rosenberg,* with him *Bloom, Bloom & Yard,* for appellee.

OPINION BY JUSTICE ALPERN, December 5, 1961:

This case is before the court on appeal from the Court of Common Pleas of Washington County. The appellant, Frank C. Jacobs, Jr., was convicted and sentenced by the lower court on a charge of contempt of court. He is appealing to this Court the adjudication of contempt and the imposition of a sentence by the lower court involving a fine and costs.

The appellant is one of five defendants in a trespass action brought by a certain Jerry Weiss, which is pending in the Court of Common Pleas of Washington County. At the time of the accident out of which the cause of action for trespass occurred, the appellant was a resident of Washington County. However, at the time of the incident from which the contempt action

arose he was a resident and citizen of Morristown, New Jersey.

On February 27, 1961, the plaintiff in the trespass action gave notice to the appellant and to the other defendants of his intention to take depositions on March 24, 1961. The date for the depositions was extended by agreement of counsel to April 7, when all defendants appeared for the deposition except Frank C. Jacobs, Jr.

No subpoenas had been issued for the depositions of April 7, 1961. However, after the appellant did not appear for the depositions of April 7th, he was served with a subpoena during a visit to Philadelphia. This subpoena commanded him to appear for a deposition to be taken of him on April 29, 1961 in Washington County.

On advice of counsel, the appellant did not appear at the deposition which was scheduled for April 29th. The reasons asserted for defense counsel's advice were that he believed that a proper subpoena was not issued or served on the appellant; and that no notice under Pennsylvania R. C. P. No. 4007 was filed or served for the deposition of April 29th. No order of the court was obtained to change the original date of the depositions. There was no stipulation by counsel pertaining to the deposition to be taken on April 29th.

On May 1, 1961, plaintiff's counsel presented the Court of Common Pleas of Washington County with a "Petition for Contempt and Imposing of Immediate Sanctions" against the appellant under Pa. R. C. P. No. 4019. On the very same day the court adjudged the appellant, Frank C. Jacobs, Jr., to be in contempt of court for not responding to the subpoena which requested that he submit to the taking of depositions on April 29th. No rule to show cause was issued prior to the adjudication nor was service of the petition made before the adjudication in contempt.

The defendant had no knowledge of the presentation of the petition before the actual adjudication, nor did he have an opportunity to be present at the hearing.

The order adjudging the appellant in contempt also directed the sheriff to notify the appellant to appear before the court, the next day, May 2nd, for further disposition of the case. When the appellant did not appear on May 2nd, the lower court directed the sheriff to "attach the body" of the appellant. The court also directed the issuance of a "bench warrant" for the arrest of the appellant. On the morning of May 3, 1961, at 1 A.M., a constable armed with this bench warrant entered the home of the appellant in Morristown, New Jersey, and "arrested" him.[1]

The appellant was then returned to Washington County, where at 1:30 P.M. on May 3rd, the court of common pleas imposed sentence. The sentence included a fine of $100 and costs of $92.87. The fine of $100 was remitted when appellant submitted himself to the taking of depositions. The costs of $92.87 were paid under protest.

The appellant is appealing this conviction for contempt of court and the sentence of the court which followed.

In deciding this appeal the question which the court must answer is whether the appellant was denied due process of law under the Fourteenth Amendment to the Constitution of the United States in that he was not given notice of the petition for contempt before it was adjudicated. Did the lower court violate the constitutional rights of the appellant when it denied him an opportunity to be heard and adjudged him in contempt of court in absentia?

Counsel for appellee and appellant have also argued in their briefs other questions. For example, did the

---

[1] The propriety of this action is not squarely before this Court. The arrest was subsequent to the adjudication of contempt.

Court of Common Pleas of Washington County have jurisdiction of the subject matter on which the conviction for contempt is based? Counsel for the appellant argues in his brief that the provisions of Pa. R. C. P. No. 4018 relating to the proper issuance of a subpoena were not fulfilled, and therefore that the subpoena in question was *not* a "lawful process of the court." If this were the case the lower court would not have jurisdiction to punish for contempt disobedience of such a "subpoena." See Act of June 16, 1836, P. L. 784, §23 (II).

Counsel for the appellant also argues that the lower court lacked jurisdiction over the person of the defendant at the time of the adjudication of contempt. This attack is based on the fact that a rule to show cause was not properly served on the appellant, then still in New Jersey, prior to the lower court's adjudication of contempt. Counsel for the appellant argues further that the lower court has violated the privileges and immunities clause of the Fourteenth Amendment to the United States Constitution by directing the sheriff to arrest the appellant in the State of New Jersey. Since we are of the opinion that the adjudication of contempt is invalid, this question need not be passed upon.

The conviction which is being appealed must be reversed. The reason for this conclusion is that the due process requirements under the provisions of the Fourteenth Amendment of the United States Constitution require notice and an opportunity to be heard before a conviction for contempt can be adjudicated. Sufficient notice and an opportunity to be heard were not present in this case.

In *In Re Oliver*, 333 U. S. 257, at 275-276, the United States Supreme Court stated: "due process of law, . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or ex-

planation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the Judge, which disturbs the Court's business, where all of the essential elements of the misconduct are under the eye of the court. . . . and where immediate punishment is essential to prevent 'demoralization of the Court's authority' before the public. If some essential elements of the offense are not personally observed by the Judge, . . . due process requires, . . . that the accused be accorded notice and a fair hearing. . . ."

The facts of this case do not fall into the exceptions referred to in this case. "Immediate punishment" was not "essential to prevent demoralization of the Court's authority before the public," nor were the "essential elements" of the alleged contempt "actually observed by the court."

The same emphasis on the importance of a hearing on contempt proceedings is found in *Commonwealth v. Sheasley*, 102 Pa. Superior Ct. 384, 157 A. 27 (1931). This case dealt with a situation in which a lower court had issued a rule to show cause, and in which an answer was filed, but in which no hearing was held. A conviction of contempt was reversed by the Superior Court which stated at pages 390-391: "When the contempt is not one justifying immediate penal vindication of the dignity of the Court, there is no reason for dispensing with the opportunity of the accused to present his defense at a hearing. 'Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them. . . .' "

These same principles had been enunciated by this court. For example, in *Appeal of New Brighton and*

*New Castle Railroad Company,* 105 Pa. 13 (1884), this court stated: " it is well settled that a writ of attachment authorizing summary arrest and imprisonment of parties cannot issue without such previous notice as will afford them an opportunity of being heard. It is contrary to the general principles of judicial procedure that any one should be condemned without a hearing. Cases of extraordinary emergency . . . may sometimes arise. . . . Such exceptional cases are very rare. . . ." See 105 Pa. 13 at 24-25. See also the early cases of *Commonwealth v. Snowden,* 1 Brewster 218; *Hummel v. Bishoff,* 9 Watts 416 (1840); and *May's Estate,* 10 Lanc. Bar 22.

In the words of the Superior Court in *Commonwealth v. Gabel and Gabel,* 79 Pa. Superior Ct. 59 (1922), at p. 62, "Promptness in the administration of justice is commendable, but haste which disregards fundamental principles may prove disastrous."

Such "haste which disregards fundamental principles" is found in the adjudication of contempt which is being appealed in this case. The appellant did not receive notice of the "Petition for Contempt" prior to its adjudication. Since there was no issuance of a rule to show cause, the adjudication for contempt cannot stand. The defendant had no opportunity to present an answer or a defense, or to obtain witnesses. He did not have an opportunity even to be present at a hearing. In this case, there was no hearing of the issues upon which the contempt was predicated. The time element was such that the appellant had no notice of the petition for contempt until after the adjudication of contempt had been made.

The facts surrounding the conviction of the appellant for contempt make clear that the fundamental concepts of due process of law have been violated by this conviction. The tenets of our judicial process require the presence of such due process.

Accordingly, for the reason outlined above, the conviction of the appellant for contempt, and the sentence imposed, are reversed, with all costs to be paid by the appellee.