Commonwealth ex rel. Rothman *v.* Rothman,
Appellant.

Argued September 16, 1966.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Daniel L. Quinlan, Jr.,* for appellant.

*Morris Passon,* for appellee.

OPINION BY HOFFMAN, J., November 17, 1966:

On May 23, 1965, Doris Rothman filed a petition for support of herself and two children against her husband, Michael Rothman, in the Court of Quarter Sessions of Montgomery County under the Act of June 24, 1939, P. L. 872, §733, 18 P.S. §4733.[1]   The husband did not join in or consent to this petition when it was filed, nor was a warrant for his arrest ever issued.[2]

Shortly thereafter, the husband entered into a separation agreement with his wife.   This agreement pro-

---

[1] The lower court held that this support action was brought under that act, rather than The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, §1 et seq., 62 P.S. §2043.31 et seq. This holding has not been disputed by either party.

[2] These are the statutory procedures outlined for obtaining jurisdiction under the support provisions of The Penal Code. Cf. The Pennsylvania Civil Procedural Support Law, supra.

vided for (1) a property settlement with the wife and (2) support for their two children. Paragraph ten of the agreement relates to the support of their son Paul. Paragraph eleven relates to the support of their son Matthew. Both of these paragraphs provide: "It is understood and agreed that the foregoing support agreement shall be made into an Order of the Court of Quarter Sessions of Montgomery County, Pennsylvania immediately following the execution hereof, and that the sums herein called for shall be payable through the Probation Office of said Court."

In compliance with the agreement, the husband signed a consent to the entry of a support order of $200 a week for the two children in the Court of Quarter Sessions of Montgomery County. He also signed a compliance bond in the amount of $500. Both the consent and the compliance bond were prepared on forms supplied by the Montgomery County court and were witnessed by the husband's attorneys.

Soon thereafter, the wife charged that the husband had breached his obligations under the separation agreement. Consequently, a hearing on the wife's earlier petition for support was set for February 17, 1966.

The husband filed objections to these proceedings on the ground that: "[T]he person of the defendant is not subject to the jurisdiction of your Honorable Court, because he has neither joined in nor consented to the Petition nor has a warrant for his arrest been issued or served upon him nor has he been bound over in surety to appear before your Honorable Court."

After several hearings, the lower court held that the husband had consented to jurisdiction and, therefore, dismissed his objections. The husband now appeals.

One of the major difficulties which has confronted us in deciding this case stems from the failure of both the lower court and the parties to indicate clearly

whether the present order as to jurisdiction relates to the support actions of both the wife and children or to the support action of the children alone.[3] This distinction is critical, however, because the two actions joined in this petition are separate, distinct and severable. For example, we have often recognized that parents cannot bargain away the rights of minor children; children may bring their own actions, regardless of the validity of any agreement between the parents. *Commonwealth ex rel. Bortz v. Norris,* 184 Pa. Superior Ct. 594, 135 A. 2d 771 (1957). Moreover, the fact that a man is obligated to support his children does not preclude the possibility that a similar obligation may not be owed to his wife. A willingness to consent to jurisdiction in the Montgomery County court in the children's support action, therefore, should not, of itself, allow that court to assert jurisdiction in the wife's support action.

In the instant case, we agree with the lower court that the husband has consented to the children's support action in Montgomery County. The separation agreement specifically provided that the order of support for the children be entered in that county. We cannot agree with the husband's contention that the use of the agreed order was conditioned upon the other

---

[3] At the time of the hearing, the court stated: "We are here concerned solely with the question of whether or not Michael Rothman has voluntarily submitted to the jurisdiction of the Court of Quarter Sessions of Montgomery County for the purpose of entering an order for the support of his two minor children. That is the sole question before us and I would like you gentlemen to leave out any question about the separation agreement because I am not concerned with that."

In its opinion, however, the court states: "We are here concerned solely with the question of whether or not Michael Rothman has voluntarily submitted to the jurisdiction of the Court of Quarter Sessions of Montgomery County for the purpose of entering an order for the support of his wife and two minor children."

provisions in the agreement. The agreement specifically provided that the children's support order should be entered "immediately following the execution hereof." Moreover, the husband actually signed a formal consent in the Montgomery County court in which he agreed that an order might be made in his absence. He also signed a bond in which he agreed to perform the order of support to be entered in Montgomery County. These documents were witnessed by the husband's attorneys.

It is well-settled that a court's jurisdiction over the person may be conferred by consent or agreement. *Commonwealth ex rel. Slossberg v. Slossberg,* 208 Pa. Superior Ct. 419, 222 A. 2d 490 (1966). Cf. *Central Contracting Company v. C. E. Youngdahl & Company, Inc.,* 418 Pa. 122, 209 A. 2d 810 (1965). On the basis of the record in this case we have no difficulty in deciding that the husband manifested a clear intent to appear and to submit to the jurisdiction of the Court of Quarter Sessions of Montgomery County in any action relating to the children's right to support.

We are unable to reach a similar conclusion, however, with respect to the wife's support action.

The wife does not argue that the court had obtained jurisdiction over the husband by complying with the statutory procedures contained in the support provisions of The Penal Code or The Pennsylvania Civil Procedural Support Law. She contends, rather, that jurisdiction is conferred when, as in this case, a husband "executes an agreement conferring jurisdiction on the lower court, admits in writing that he was a resident of the county of the lower court, waives in writing his right to appear before a judge and agrees that a support order be made absolute in his absence, signs a Compliance Bond and is served as directed by his counsel of record, the Court has jurisdiction of the defendant."

This argument must be broken down into its component parts. First, it is alleged that the husband is still a resident of Montgomery County, because, on April 15, 1966, he declared in a credit application that he resided there. This fact is refuted by the wife's petition for support and the separation agreement, both of which recite that the husband is a resident of Philadelphia County. Even if the wife's allegation be true, however, this would not obviate the need to comply with the statutory requirements for instituting a support action.

Second, it is suggested that the husband has submitted himself to the jurisdiction of Montgomery County, because he signed the separation agreement, the consent order and the compliance bond. The separation agreement, however, specifically recites that jurisdiction is to be conferred on the Montgomery County courts only in the children's support action. In no other part of the agreement is there reference to the courts or to jurisdiction. Similarly, the consent order and compliance bond, which were executed pursuant to the agreement, related solely to the support of the children. Since, as we have noted, the wife's support action is separate and distinct from that of the children, the fact that the husband submitted willingly to the lower court in the children's action should not, of itself, confer jurisdiction in the wife's action.

Finally, it is argued that the husband was served in accordance with directions given by his counsel to the Desertion Officer, and that this constituted consent. A close reading of the record reveals, however, that it was the Desertion Officer who telephoned the husband's counsel. The Desertion Officer asked whether counsel represented the husband and, if so, where the husband might be served. The attorney apparently replied that he did represent the husband who might be served at an address in Philadelphia. Such service

could have been accomplished under either the criminal or civil support procedures cited above, but was not. We find nothing in the purported statement of counsel, however, which would indicate that the husband was waiving the right to have the support action instituted in conformity with those procedures.

The wife suggests that her support action and that of the children are closely related, and, that society's interest would best be served if the Montgomery County court were permitted to deal with this family as a unit. We agree that this would be preferable to having the two actions disposed of in separate counties. Indeed, the wife may be able to achieve such a result if she proceeds under The Penal Code's support law, even if the husband no longer resides in Montgomery County.[4]

To hold that the husband's consent in the children's action also confers jurisdiction in the wife's action, however, would have a detrimental effect. A husband who recognizes his absolute duty to support his children may be very willing, as was Mr. Rothman, to consent to the jurisdiction of a county and thus assure that his children are protected. He may be less willing to consent, however, if such consent will, in addition, force him to defend against his wife's claim in a foreign county. In our opinion, children will be better protected in the vast majority of cases, if their rights are not tied to the often acrimonious struggle between husband and wife.

We hold, therefore, that the Court of Quarter Sessions of Montgomery County has jurisdiction in the children's action for support but lacks jurisdiction in the wife's action which must be dismissed.

---

[4] The only jurisdictional requirement under §733 of The Penal Code, 18 P.S. §4733, is that the husband be within the limits of this Commonwealth. *Commonwealth ex rel. Slossberg v. Slossberg*, supra.

The order of the Court of Quarter Sessions of Montgomery County is modified in accordance with the directions set forth hereinabove.