**Lewis v. Slifer**

*Rodney D. Henry,* for plaintiff.
*Gordon G. Erdenberger,* for defendants.

BECKERT, J., April 17, 1972.—In the instant case, counsel for plaintiff is calling upon us to enter an order under Pennsylvania Rule of Civil Procedure 4019(b) directing that one Idwal H. Thomas appear on a specified date and time "and answer, under oath, the questions asked by the plaintiff's attorney on cross examination under penalty of contempt . . ."

Idwal H. Thomas is not a party to this litigation. He was requested to appear, by defendant, for the purpose of taking his deposition. He was thereafter examined

by plaintiff's counsel and, after a rather extensive and somewhat repetitious questioning, Thomas refused to answer any further questions propounded to him by plaintiff's counsel.

While we here express some doubt, after reading of the depositions, whether the witness, Thomas, acted in such an arbitrary and unreasonable fashion so as to enable us to invoke Pennsylvania Rule of Civil Procedure 4019(b) (see McLoughlin v. Moore, 10 D. & C. 2d 257 (1956)), we do not believe that on the state of the present record we need reach that question.

The procedural rule under consideration provides:

"If a deponent refuses . . . to answer any question, the deposition shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, the proponent may apply to a proper court in the county where the deposition is being taken or to the court in which the action is pending, for an order compelling the witness . . . to answer, under penalty of contempt, . . ."

As previously stated, Thomas is not a party to the proceedings. The record before us is barren as to whether Thomas was given any notice of plaintiff's application for sanctions pursuant to this rule. As plaintiff seeks to subject Thomas to the "penalty of contempt" should he fail to appear at the time stated, it strikes us that the very minimum the present plaintiff must do is to give notice to Thomas of the instant application. Not only do we construe the rule in this fashion, but procedural due process would also dictate this result: Weiss v. Jacobs, 405 Pa. 390 (1961).

We hold, therefore, that plaintiff's application for an order under rule 4019(b) is denied, without prejudice to the right of plaintiff, after giving notice to the witness in the form of a rule to show cause why the

sanction of Pa. R. C. P. 4019(b) should not be imposed, to re-present this matter to the court after proof of service of such rule and no answer having been filed on or before the return date specified therein.