**Bober v. Bober**

*Alfred V. Papa*, for plaintiff.
*Kenneth E. Fox, Jr.*, for defendant.

LYON, J., October 29, 1973.—This is a contempt proceeding for noncompliance with an order of support for the minor children of the parties.

On April 8, 1971, Julia I. Bober, now Julia I. Allbery (wife) and Francis E. Bober (husband) undertook to settle their differences by a written postnuptial separation agreement providing, inter alia, that husband pay the wife "the sum of fifty ($50.00) dollars per month for the support of each child." The wife was subsequently granted a divorce on May 12, 1971. At the divorce hearing, counsel for the wife presented the signed executed agreement and, pursuant to the request of counsel, the court ordered the support payments, in the amount provided therein, be made to the Lawrence County Domestic Relations Office.

For reasons that are not apparent from the record, three of the four children thereafter made their home with the husband and he consented, on July 10, 1973, to entry of a court order directing payment of $50 monthly to the Domestic Relations Office for the support of the child who still resides with the wife. This order was modified on January 4, 1974, when the monthly support payment was increased from $50 to $60. The husband does not challenge his obligation of support pursuant to the order of July 10, 1973, as modified.

However, the husband failed to comply with the order of May 12, 1971, and the wife now seeks, in this proceeding, to have him adjudged in contempt of court. She contends the order of May 12, 1971, was validly made pursuant to the Act of May 2, 1929, P. L. 1237, sec. 15, as amended by section 1 of the Act of December 30, 1959, P. L. 2055 (No. 750), 23 PS §15,

which was implemented by Pennsylvania Rule of Civil Procedure 1127(b), which provides: .

"The plaintiff may join in the complaint in separate counts any other matters which may by Act of Assembly be joined with an action of divorce or annulment, or, if they have not been so joined, the plaintiff may, as of course, amend the complaint to include such other matters, or may file to the same term and number a separate supplemental complaint or complaints limited to such other matters."

Pa. R. C. P. 1124 (e) implements the Act of December 30, 1959, with respect to service by providing:

"A complaint which includes one or more other matters, which may by Act of Assembly be joined with an action of divorce or annulment, shall as to each other matter, be served in the manner required when a separate action is brought upon such matter, before the court may proceed to determine such matter in the action for divorce or annulment."

The 1959 Act was further implemented by Pa. R. C. P. 1135 where it is made clear that "No judgment may be entered by default or on the pleadings, as to the cause of action in divorce or annulment, or as to any matter involving custody, paternity or support, or approving any agreement dealing with custody, paternity or support but evidence shall be presented in such actions."

The instant complaint merely states a cause of action for a divorce with a prayer for divorce a. v. m. It does not include a separate count stating either a cause of action for support for the children of the parties, or a cause of action warranting a court order bottomed upon the postnuptial separation agreement. The principal object or purpose of serving the complaint is to give the party to whom it is addressed notice of the proceedings against him and to define

the issues that will be tried in order that he may know what he will be called upon to meet at the hearing: Vaughn v. Love, 324 Pa. 276, 188 Atl. 299 (1936); Goodrich-Amram, commentary to Pa. R. C. P. 1019. The evidence offered at the hearing must be relevant to the issues raised by the pleadings and the complainant can be afforded such relief only as she is entitled to under the allegations of the complaint: Christian v. Johnstown Police Pension Fund Ass'n, 421 Pa. 240, 218 A. 2d 746 (1966); Heymann v. Elec. Service Mfg. Co., 412 Pa. 338, 194 A. 2d 429 (1963). Since the wife's complaint in divorce did not join a cause of action for support of the minor children, the court was without jurisdiction to enter the order of May 12, 1971, and it is, therefore, a complete nullity.

The Supreme Court Rules of Civil Procedure, relating to divorce, were undoubtedly framed and adopted for the purpose of assuring fairness to the parties involved in the litigation and satisfying the requirements of procedural due process. Procedural due process requires that anyone involved in such a proceeding be apprised of claims against him by adequate notice of specific charges or complaint: Weiss v. Jacobs, 405 Pa. 390, 175 A. 2d 849 (1961). The allegations contained in the complaint served upon the husband, and upon which he undoubtedly relied in making the decision neither to appear nor file an answer, did not give notice to the husband, as a reasonable person, that the wife was attempting to fasten upon him a personal obligation to support the children. On the contrary, the only reasonable conclusion from the contents of the complaint was that the proceeding could affect the husband only by terminating the marriage of the parties. Procedural due process was plainly violated by entry of the support order under these circumstances. Hence, in lieu of holding

the husband in contempt, we must, instead, set aside the order of May 12, 1971, since it clearly violates procedural due process: United States v. Peterson, 456 F. 2d 1135 (10th Cir., 1972). Cf. Bell v. Burson, 402 U. S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971).

Nor did the postnuptial support agreement executed by the parties confer jurisdiction upon the court to enter the support order of May 12, 1971. There is nothing in the agreement nor a scintilla of other evidence to indicate that the husband contemplated the contractual obligation for the support set forth in the postnuptial separation agreement could be converted into a formal court order subjecting him to contempt proceedings for noncompliance. Although the Superior Court expressly held in Commonwealth ex rel. Slossberg v. Slossberg, 208 Pa. Superior Ct. 419, 222 A. 2d 490 (1966), that a private agreement for support can confer jurisdiction upon the court to enter a formal court order pursuant to the terms of the agreement, there is no provision in the instant agreement justifying such action. On this issue, the authority of Commonwealth ex rel. Rothman v. Rothman, 209 Pa. Superior Ct. 180, 223 A. 2d 919 (1966), is controlling and compels the conclusion that the support order against the husband cannot be supported by the postnuptial separation agreement. In Rothman, the wife commenced an action of support for herself and her two children pursuant to the Act of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, now Act of December 6, 1972, P. L. 987, 18 PS §4322, effective June 6, 1973. However, personam jurisdiction over the husband was never acquired as prescribed by the act. Subsequently, the husband and wife made a written separation agreement. In the two paragraphs of the agreement, relating to the support of the two children, it was expressly stated the parties understood and agreed that the

agreement would be made into an order of court and that the payments were to be made through the probation office of the court. The agreement did not provide for the wife's support. In compliance with the agreement, the husband consented, in writing, to the formal entry of a support order for the children in his absence and he also executed a compliance bond. In a subsequent proceedings to enforce the order, the husband defended on the ground that he was not subject to the jurisdiction of the court. The court rejected the contention, holding jurisdiction over the husband was conferred by the provision in the separation agreement stipulating that the support agreement shall be made into an order of court. The wife conceded that there was no jurisdiction over the husband under the statutory proceedings relating to the support action she had commenced, but asserted that the husband had submitted himself to the jurisdiction of the court by his consent to the order of support for the children set forth in the separation agreement. The court rejected the wife's contentions, stating at 209 Pa. Superior Ct. 185, 223 A. 2d, at 923:

"Since, as we have noted, the wife's support action is separate and distinct from that of the children, the fact that the husband submitted willingly to the lower court in the children's action should not, of itself, confer jurisdiction in the wife's action."

In the present case, the husband did not agree to submit himself to the jurisdiction of the court in any provision of the postnuptial separation agreement, nor did he agree, expressly or by implication, that the contractual obligation of support would be transformed into a formal court order. Thus, the court order bottomed upon the postnuptial separation agreement was wholly void and unenforceable. But this does not mean that the wife is possessed of no remedy. Such

contractual obligations of support can be enforced by an action of assumpsit: Albert Einstein Medical Center v. Forman, 212 Pa. Superior Ct. 450, 243 A. 2d 181 (1968), and in a proper case by an action in equity: Silvestri v. Slatowski, 423 Pa. 498, 224 A. 2d 212 (1966).

### ORDER OF COURT

Now, October 29, 1973, for the reasons stated in the foregoing opinion it is ordered, adjudged and decreed that the order of support dated May 12, 1971, be, and herewith is set aside and declared null and void. The clerk of courts shall certify a copy of this order to the domestic relations officer who upon receipt thereof shall remit all arrearages accruing by reason of the order herein declared to be null and void.