**RECO EQUIPMENT, INC., Appellee**

v.

**JOHN T. SUBRICK CONTRACTING, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 2000.

Filed July 13, 2001.

---

Peter M. Suwak, Washington, for appellant.

Steven B. Silverman, Pittsburgh, for appellee.

BEFORE: KELLY, MUSMANNO and ORIE MELVIN, JJ.

ORIE MELVIN, J.

¶ 1 Appellant, John T. Subrick Contracting, Inc., appeals from the Order denying its petition to strike a foreign judgment in favor of Appellee, RECO Equipment, Inc., which was transferred from Ohio pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA), 42 Pa.C.S.A. § 4306. We affirm.

¶ 2 The record reflects the dispute underlying the foreign judgment stemmed from a rental agreement entered into in Pennsylvania. In 1995, Appellant, an excavating contractor, entered into a construction contract with the Mon Valley Sewage Authority for the installation of sewer lines for a residential development located in the Borough of Donora. At some point during the project the Appellant determined there was a need for an additional hydraulic excavator to complete the work. Appellee is an Ohio corporation with branch offices in Pennsylvania and is in the business of selling, servicing and leasing industrial equipment. Accordingly, Appellant contacted Appellee at its Cranberry Township office and entered into a rental agreement for the use of one of their hydraulic excavators. After delivery of the machine to the construction site a dispute arose over its performance and as to whether the type of machine supplied was the one agreed upon. Approximately one month later Appellant returned the machine to Appellee's Cranberry location and refused to pay the rental price.

¶ 3 On November 8, 1996, Appellee initiated a civil action in the Court of Common Pleas of Belmont County, Ohio against Appellant for the collection of the unpaid account concerning the rental agreement. Appellant filed a motion to dismiss on January 2, 1997, simply stating as its basis a lack of jurisdiction. On January 9, 1997, Appellee responded by filing a motion to stay the action pending arbitration. The court held arguments on both motions. At the hearing Appellee conceded that jurisdiction over the dispute was properly subject to arbitration pursuant to contractual agreement. Specifically, the rental agreement contained the following clause:

In the event of disputed, unpaid accounts, the undersigned agrees that the matter of dispute shall be subject to final and binding arbitration to be held in St. Clairsville, Ohio, in accordance with the rules and regulations of the American Arbitration Association. The arbitration shall be enforceable in a court of competent jurisdiction.

On February 14, 1997, the court found that personal jurisdiction over the Appellant was obtained by virtue of the consent reflected in the above clause. Therefore, the court overruled the motion to dismiss and by agreement of the parties sustained the motion to stay pending arbitration.

¶ 4 The parties proceeded to litigate the dispute in arbitration, and on June 24, 1997, the arbitrator issued an award in favor of the Appellee in the amount of $9,052.05. On July 28, 1997, Appellee filed an application with the Ohio trial court to confirm the arbitration award and have judgment entered thereon. Appellant filed a motion in opposition arguing the Ohio court lacked personal jurisdiction by application of § 514 of the Pennsylvania Contractor and Subcontractor Payment Act (the Act), 73 P.S. §§ 501–516.[1] The Ohio court found the act was inapplicable to this type of contract and confirmed the award and entered judgment thereon by order dated August 19, 1997. Appellant did not file an appeal from this determination.

¶ 5 Subsequently, the Appellee transferred its judgment to the Court Common Pleas of Washington County, Pennsylvania, and on October 9, 1998, the Appellee exemplified its judgment in the Court of Common Pleas of Allegheny County in order to garnish funds held for the benefit of Appellant. On February 19, 1999, the Appellant filed a petition to open and/or strike the judgment asserting the same basis as argued in the confirmation proceedings in Ohio. The Appellee filed an answer to the petition, and following a hearing thereon, the Allegheny County Court of Common Pleas entered an Order denying the petition on November 3, 1999. This appeal followed.

¶ 6 On appeal Appellant presents the following questions:

I. Whether the clause of the Rental Agreement setting jurisdiction for resolving disputes in arbitration proceedings in Ohio is violative of Pennsylvania law and should not be enforced?

II. Whether the foreign judgment asserted in this action was a nullity since there were insufficient minimum contacts with the forum state, Ohio, for that state to have jurisdiction over the case?

Appellant's brief at 3.

¶ 7 Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Crum v. F.L. Shaffer Co.*, 693 A.2d 984 (Pa.Super.1997). The full faith and credit clause of the United States Constitution requires state courts to recognize and enforce the judgments of sister states. U.S. Const. Art. 4, § 1. "In order for our courts to recognize [a] judgment as valid and enforceable, the sister state must have had proper jurisdiction over the defendant and afforded him or her due process of law." *Gersenson v. PA Life and Health Ins. Guar. Ass'n,* 729 A.2d 1191, 1195 (Pa.Super.1999), *appeal denied,* 562 Pa. 671, 753 A.2d 818 (2000) (quoting *Commonwealth Capital Funding,*

---

**1.** This section provides:

Making the contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable.

*Inc. v. Franklin Square Hospital* 423 Pa.Super. 149, 620 A.2d 1154, 1156 (1993)).

¶ 8 Appellant fully participated in the arbitration and confirmation proceedings and therefore does not contend it was denied due process. Likewise, it cannot be denied that the Ohio trial court was a court of competent jurisdiction authorized to confirm an arbitration award. Thus, we are not presented with a challenge based on a lack of subject matter jurisdiction. Here, the only question raised concerns jurisdiction over the person. "It is well-settled that a court's jurisdiction over the person may be conferred by consent or agreement." *Accu–Weather v. Thomas Broadcasting Co.*, 425 Pa.Super. 335, 625 A.2d 75, 79 (1993) (quoting *Commonwealth ex rel. Rothman v. Rothman*, 209 Pa.Super. 180, 223 A.2d 919, 922 (1966)). Appellant's first question implicitly concedes that it agreed to arbitration in Ohio. However, Appellant asks this Court to determine whether the Ohio judgment should be denied full faith and credit in Pennsylvania because the consent is unenforceable due to the application of § 514 of the Act. Appellant argues the Act applies to the rental agreement and § 514 of the Act makes the inclusion of a choice of forum clause unenforceable. Therefore, the parties were statutorily precluded from agreeing to litigate this dispute in any state other than Pennsylvania. While we agree § 514 precludes enforcement of a choice of law or forum clause, we disagree with the assertion that the Act applies to this rental agreement.

¶ 9 Appellant contends the Act applies because the Appellee's rental of equipment constitutes the furnishing of material to a contractor, and therefore makes Appellee a subcontractor within the meaning of § 502. This section defines subcontractor as follows: "A person who has contracted to furnish labor or materi-

als to, or has performed labor for, a contractor or another subcontractor in connection with a contract to improve real property." Whether or not Appellee can be construed as a subcontractor because it leased equipment to a contractor is immaterial to the application of § 514 to the rental agreement. When § 514 refers to the "[m]aking of a contract" it is speaking about the construction contract and not some collateral third party agreements. We agree with both the Ohio and Pennsylvania trial courts that the Act is inapplicable because the contract sued upon was not a construction contract as contemplated by the Act.

¶ 10 When read as a whole the Act's scope of coverage is clearly limited to construction contracts. Moreover, section 515 specifically provides: "This act shall apply to construction contracts executed on or after the effective date of this act." A construction contract is defined as "[a]n agreement ... to perform work on any real property located within this Commonwealth." 73 P.S. § 502. The title of the Act indicates its purpose is to require timely payment to contractors and subcontractors under a construction contract and to provide remedies if timely payment is not made. Act of February 17, 1994, P.L. 73, No. 7, § 1, effective in 60 days. The various provisions of this Act anticipate payments originating from the owner and set deadlines for making payments. *See* 73 P.S. §§ 505 and 507. Appellee did not enter into an agreement to perform work on real property. Appellee merely agreed to lease a piece of equipment at a certain monthly rate. The contract covered by this Act is the one Appellant entered with the Sewage Authority. Appellant does not contend that the terms of the construction contract required Appellant to rent equipment to complete its work. Furthermore, nothing in the rental agreement indicates that the parties conditioned payment in accordance with the payment terms of the

construction contract. Consequently, there is no issue of a failure to pay pursuant to the terms of the construction contract or the provisions of this Act.

¶ 11 The fact that Appellant is a contractor under a construction contract with the Authority does not cause Appellee to fall within the ambit of the Act just because it leased equipment to Appellant. Nor does the fact Appellant intended to use the leased equipment to fulfill its obligation under the construction contract subject Appellee to the requirements of the Act in its separate business dealings with Appellant. Under Appellant's theory every contract it enters with a third party is subject to the Act if it somehow concerns the work Appellant is responsible for completing under the construction contract. To illustrate the absurd reach of such a theory, suppose Appellant enters into a bank loan for the purpose of purchasing equipment to complete its work. Theoretically, the bank would be a subcontractor because it is providing the means for Appellant to complete its work under its contract with the authority. Therefore, the loan agreement would be subject to § 514 of the Act. Accordingly, if Appellant defaulted on repayment any choice of forum agreed upon would be unenforceable and the bank precluded from bringing suit in any forum other than Pennsylvania. We find the Act was not intended to have such a broad application.

¶ 12 Given our finding that the clause consenting to jurisdiction in Ohio is valid, and thus the parties agreed in advance of litigation to submit to the personal jurisdiction of Ohio, Appellant's second issue challenging the minimum contacts with Ohio is moot.

¶ 13 Order affirmed.