Continental Bank, Appellant, *v.* Brodsky.

Argued September 18, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ.
(SPAULDING, J., absent).

*Ronald H. Surkin*, with him *Blank, Rome, Klaus &
Comisky*, for appellant.

No oral argument was made nor brief submitted for
appellee.

OPINION BY JACOBS, J., November 16, 1973:

In this suit on a contract we are asked to determine
whether in personam jurisdiction may be obtained by
the Pennsylvania courts over a California resident who,
in the contract, had agreed to such jurisdiction and to
service of process on an agent in the event of suit.

On September 15, 1969, appellee, who gave his ad-
dress as 2204 Walnut Street, Philadelphia, Pennsyl-
vania, signed an agreement to become surety for certain
loans made by appellant to Tobaccoland, Inc. Appel-
lant was then and is now a Pennsylvania bank with its
principal office in Norristown, Pennsylvania. The
agreement provided, *inter alia*, as follows: "Under-
signed and each of Undersigned consent to the exclu-

sive jurisdiction of the Courts of the Commonwealth of Pennsylvania in any and all actions and proceedings whether arising hereunder or under any other agreement or undertaking and appoint in any and all such actions and proceedings any employee of BANK as agent for each of Undersigned for service of process, which appointment shall be irrevocable and shall not be terminated or affected in any manner whatsoever by any modification, extension, renewal or termination of this Agreement, conditioned that all papers served upon said Agent be forwarded to Undersigned."

Appellant filed a complaint in assumpsit against appellee in the Court of Common Pleas of Philadelphia, on February 1, 1973, alleging a default on the part of Tobaccoland and asking judgment against appellee, as surety, for the amount of the default, plus interest. The complaint also alleged that the transactions took place in Philadelphia and that appellee was now residing at 907 North Rexford Drive, Beverly Hills, California. A vice-president of appellant accepted service on behalf of appellee, on February 6, 1973, and immediately forwarded a copy of the complaint to appellee. Appellee filed preliminary objections to jurisdiction over his person, alleging that the only service on him was by registered mail.

The lower court dismissed the complaint for lack of jurisdiction on the basis that the Pennsylvania Rules of Civil Procedure make no provision for service on an individual by serving his appointed agent. The court found the issue to be whether the parties by contract could change the rules of jurisdiction governing the Pennsylvania courts. On authority of *Central Contracting Co. v. C. E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965), in which it was said that "private parties cannot change by contract the rules of jurisdiction or venue embodied in the various laws

of this Commonwealth," it answered the issue in the negative and held that, therefore, the parties cannot by contract change the Pennsylvania Rules of Civil Procedure.

The quotation from the *Youngdahl* case is not applicable to the issue before this Court. The issue under discussion in the *Youngdahl* case, at the point from which the court quoted, was whether the parties by agreement could in advance of dispute take away the power of Pennsylvania courts to hear the court case. The present case concerns the possible acquiring of in personam jurisdiction by Pennsylvania courts. Specifically, the *Youngdahl* case dealt with whether the Pennsylvania courts could try a contract action where the parties had agreed that no action on the contract should be started in any courts other than in the County of New York, State of New York. It is in the context of an attempt to limit such substantive power of a court that the statement above quoted was made and must be understood.

"It is well-settled that a court's jurisdiction over the person may be conferred by consent or agreement." *Commonwealth ex rel. Rothman v. Rothman*, 209 Pa. Superior Ct. 180, 184, 223 A.2d 919, 922 (1966). "It must be recognized that jurisdiction of the subject matter cannot be conferred upon a court by agreement, —contra as to jurisdiction of the person . . ." *Schleifer v. Zoning Bd. of Adjustment*, 374 Pa. 277, 280, 97 A.2d 782, 784 (1953).

It is also well-settled that parties to a contract may agree in advance to submit to the jurisdiction of a given court, and provide for the appointment of an agent to receive process. *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964); Restatement, Judgments, §18 and comments c and d (1942); Restatement 2d, Conflict of Laws, §32 and comments e and f (1969).

In the surety agreement appellee agreed in advance to submit to the jurisdiction of the courts of Pennsylvania in all actions arising under the agreement and appointed any employee of appellant as his agent "for service of process." It would thus appear that receipt of process by such agent would subject appellee to the jurisdiction of the Pennsylvania courts. However, the lower court held that such personal jurisdiction could be acquired only if service of the complaint was made in a manner authorized by Pa. R.C.P. No. 1009, which does not provide for service on the agent of an individual under the present circumstances.

It is arguable that service was actually made in the manner authorized by Pa. R.C.P. No. 1011, which provides that the defendant may accept service of the complaint in lieu of service by the sheriff. Where an agent's authority encompasses the power to accept service on behalf of his principal, acceptance of service will bind the principal. 62 Am. Jur. 2d *Process* §29 (1972). An agent for service of process where the principal has agreed to submit to the jurisdiction of the court would encompass all the usual ways of receiving process, among which is acceptance of service.

However, we are of the opinion that the complaint in this case need not be served in the manner authorized by the Pennsylvania Rules of Civil Procedure. Since a defendant may consent to jurisdiction of his person and since he may waive defects in such service,[1] he may certainly consent to the jurisdiction of the court over his person without exacting performance of the usual legal formalities as to service of process. 20 Am. Jur. 2d *Courts* §143 (1965).

In *Aamco Automatic Transmissions, Inc. v. Hagenbarth*, 296 F. Supp. 1142 (E.D. Pa. 1968), a situation similar to this case arose. There the agreement which

---

[1] *Ciammaichella Appeal*, 369 Pa. 278, 85 A.2d 406 (1952).

had been signed by defendant provided that he consented to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to any proceedings arising out of the agreement and agreed that mailing to his last known address by registered mail of any process should constitute lawful and valid process. Defendant argued that the service was ineffective because it complied with none of the methods prescribed by Fed. R. Civ. P. 4.[2]

In denying the defendant's motion to dismiss for lack of in personam jurisdiction, Judge, now Chief Judge, Joseph S. LORD, III, of the district court held as follows: ". . . Rule 4 is not involved here. That rule provides means of bringing defendants into a court when there must be resort to process. Here, however, there is no need for plaintiff to rely on process to bring defendant within the jurisdiction of this court. Defendant has agreed that he is subject to that jurisdiction and has agreed, in effect, that Rule 4 need not be brought into play." *Aamco Automatic Transmissions, Inc. v. Hagenbarth,* supra at 1143.

The appellee has conferred jurisdiction on the Pennsylvania courts by prior consent. He received timely notice of the suit and does not claim lack of due process for lack of notice. There is nothing to show that the parties dealt other than on an equal basis and we find nothing unfair in the agreement. We, therefore, hold that the court below has acquired jurisdiction of appellee.

Order reversed.

---

[2] Fed. R. Civ. P. 4 is the main rule setting forth the method by which process shall be served in the federal courts.