The **MUTUAL FIRE, MARINE AND INLAND INSURANCE COMPANY**

v.

**Kirk BARRY, Leroy Hardy, et al.**

**Civ. A. No. 86–2524.**

United States District Court,
E.D. Pennsylvania.

Oct. 16, 1986.

Henry L. Shrager, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for plaintiff.

William J. deWinter Schenk, Kerst & deWinter, Glenwood Springs, Colo., for J. Maggiore & J. Sonnier.

William H. Ewing, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, the Mutual Fire, Marine and Inland Insurance Company ("Mutual Fire") brought this diversity action for breach of contract against seven defendants, all of whom are alleged to be limited partners in Oil Springs Drilling Associates ("Oil Springs"), a Kentucky limited partnership. The cause of action arises out of indemnity agreements between Mutual Fire and the defendants wherein the defendants agreed to indemnify and hold harmless Mutual Fire in connection with a Limited Partnership Surety Bond issued by Mutual Fire to Oil Springs. Two defendants, Jack Sonnier and John R. Maggiore (the "moving defendants") have filed a motion to dismiss for lack of *In personam* jurisdiction with affidavits attached. Mutual Fire opposes the motion. For the reasons that follow, the moving defendants' motion will be denied.

Based upon the affidavits submitted by the moving defendants and the Indemnity Agreement executed by the parties, the jurisdictional facts which are relevant may be summarized as follows: Maggiore and Sonnier are citizens and residents of Colorado; neither has ever conducted business in Pennsylvania; neither now owns or ever owned real estate or other property in Pennsylvania; both are investors in Oil Springs; all of the negotiations for and decisions with regard to the Oil Springs investment were made in Colorado; both defendants signed an Indemnity Agreement with Mutual Fire; neither negotiated with Mutual Fire with respect to the terms of the Indemnity Agreement; and neither was aware at the time they invested in Oil Springs that Mutual Fire was providing surety bonds in connection therewith. The defendants contend that they do not have sufficient contacts with the forum and that, therefore, this Court may not exercise *in personam* jurisdiction over them.

Mutual Fire, on the other hand, contends that the moving defendants have consented to personal jurisdiction in this Court on the basis of a clause in the Indemnity Agreement signed by the moving defendants which reads:

> Venue, at the Company's option for litigation and/or arbitration, shall be in the County designated on the front page under the description of the Company's address.

The front page lists the Company's address as Philadelphia, Pennsylvania. Mutual Fire contends that the above quoted clause, commonly called a forum selection clause, constitutes consent by the moving defendants to personal jurisdiction in this Court.

In general, when a party moves to dismiss on the basis of lack of *in personam* jurisdiction, the non-moving party bears the burden of demonstrating contacts with the forum state sufficient to justify an assertion of *in personam* jurisdiction. *Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir. 1983). In actions involving forum selection clauses, however, analysis of the contacts

with the forum state is inappropriate. Instead, the Court must consider the validity and effect of the forum selection clause in order to determine if there has been a consent to *in personam* jurisdiction.

■ The interpretation of forum selection clauses, except in certain circumstances not presented here, is governed by state law. *General Engineering Corp. v. Martin Marietta Alumina*, 783 F.2d 352, 356–57 (3d Cir.1986). The Court, in diversity cases such as this one, must apply the choice of law rule of Pennsylvania, the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania has adopted the interest analysis, i.e., the forum having the most interest and which is most intimately concerned with the outcome is the forum whose law should apply. *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964); *Melville v. American Home Assurance Co.*, 584 F.2d 1306 (3d Cir.1978) (Griffith applicable to contract actions). Under the interest analysis, it appears that Colorado law might be applied. The Court, however, need not determine whether Pennsylvania or Colorado has the greater interest since each of these states have similar law in connection with the enforceability of forum selection clauses. Although the Colorado Supreme Court has not yet decided the issue, the Colorado Court of Appeals recently adopted the Restatement (Second) of Conflict of Laws § 80 that agreements as to the place of an action will be given effect unless unfair or unreasonable. *ABC Mobile Systems, Inc. v. Harvey*, 701 P.2d 137, 139 (Colo.App. 1985). Although lower appellate court decisions are not usually controlling on an issue as to which the highest court of the state has not spoken, federal courts do attribute significant weight to these decisions. *See Commissioner v. Estate of Bosch*, 387 U.S. 456, 464–65, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967); *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273–74 (3d Cir.1985). Likewise, in Pennsylvania, a forum selection clause is enforceable if it is freely made and it is not unrea-

sonable at the time of the litigation. *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965). Under both Colorado and Pennsylvania law, "mere inconvenience or additional expense" does not constitute unreasonableness. *Central Contracting*, 418 Pa. at 133, 209 A.2d at 816; *ABC Mobile Systems*, 701 P.2d at 139. Furthermore, both states place the burden of proving that a forum selection clause is unreasonable upon the party seeking to obviate it. *Central Contracting*, 418 Pa. at 134, 209 A.2d at 816; *ABC Mobile Systems*, 701 P.2d at 139.

■ Although the moving defendants did not negotiate the terms of the Indemnity Agreement and/or the forum selection clause contained therein, the moving defendants have presented no evidence that they did not freely enter into the Indemnity Agreement with Mutual Fire or that the forum selection clause is unreasonable. The fact that the moving defendants did not pay particular attention to the Indemnity Agreements they signed is not persuasive because under Pennsylvania and Colorado law, in the absence of proof of fraud, failure to read a contract will not serve as a basis to avoid the contract. *Estate of Brant*, 463 Pa. 230, 235, 344 A.2d 806, 809 (1975); *Rasmussen v. Freehling*, 159 Colo. 414, 417, 412 P.2d 217, 219 (1966). There are no assertions that access to potential witnesses or evidence will be substantially impaired by proceeding in this forum. Although the defendants might incur greater expense and might be inconvenienced by litigating this action in Pennsylvania rather than in Colorado, as heretofore pointed out, mere inconvenience or expense does not render the forum selection clause unreasonable.

The moving defendants contend, however, that even if the forum selection clause is enforceable, the clause in this case is merely a *venue* selection clause and does not contain express consent to personal jurisdiction. It is clear, however, that the courts have determined that venue se-

lection clauses contain an implied consent to personal jurisdiction. *Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos*, 553 F.2d 842, 844 (2d Cir.1977); *The Mutual Fire, Marine and Inland Insurance Co. v. Antebi, et al.,* No. 86–4080 (Sept. 12, 1986 E.D.Pa.) (Scirica, J.) [Available on WESTLAW, DCTU database]; *Intermountain Systems, Inc. v. Edsall Construction Co.,* 575 F.Supp. 1195 (D.Colo.1983). Therefore, the defendants' motion to dismiss for lack of *in personam* jurisdiction will be denied.