**PITTSBURGH NATIONAL BANK, a National Banking Association, Plaintiff,**

v.

**A.B. KASSIR, Wolfgang Kieferle, Michael Motschmann, Defendants.**

Civ. A. No. 93–162.

United States District Court, W.D. Pennsylvania.

Feb. 9, 1994.

**581**

Gary E. Wieczorek, Tucker Arensberg, P.C., Pittsburgh, PA.

Stanley M. Stein, Jeffrey R. Lalama, Feldstein, Grinberg, Stein & McKee, Pittsburgh, PA.

Michael L. Magulick, Wayman, Irvin & McCauley, Pittsburgh, PA.

## MEMORANDUM ORDER

ZIEGLER, Chief Judge.

On February 4, 1993, this case was referred to United States Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(A) and (B), and Rules 3 and 4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on January 14, 1994, recommended that the motion to dismiss the complaint filed by defendants Wolfgang Kieferle and Michael Motschmann be denied. It further recommended that, with respect to the motion to dismiss the crossclaim of defendant A.B. Kassir filed by defendants Wolfgang Kieferle and Michael Motschmann, the Court quash service of process of the crossclaim and allow defendant Kassir to attempt service again. The parties were allowed ten (10) days from the date of service to file objections. Service was made on all parties and objections were filed by defendants Kieferle and Motschmann on January 26, 1994. After *de novo* review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 9th day of Feb., 1994;

IT IS HEREBY ORDERED that the motion to dismiss the complaint filed by defendants Wolfgang Kieferle and Michael Motschmann is denied.

IT IS FURTHER ORDERED that, with respect to the motion to dismiss the crossclaim of defendant A.B. Kassir filed by defendants Wolfgang Kieferle and Michael Motschmann, service of process of the crossclaim is quashed and defendant Kassir is allowed until April 30, 1994 to attempt service again.

The report and recommendation of Magistrate Judge Sensenich, dated January 14, 1994, is adopted as the opinion of the court.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SENSENICH, United States Magistrate Judge.

### I. RECOMMENDATION

It is recommended that the motion to dismiss the complaint filed by defendants Wolfgang Kieferle and Michael Motschmann be denied. It is further recommended that, with respect to the motion to dismiss the crossclaim of defendant A.B. Kassir filed by defendants Wolfgang Kieferle and Michael Motschmann, the Court quash service of process of the crossclaim and allow defendant Kassir to attempt service again.

### II. REPORT

This action arises from one of two loans made by plaintiff Pittsburgh National Bank ("PNB"), a national banking association, to MPT America Corporation ("MPT"), a Texas corporation engaged in the manufacture and distribution of a chemical formula used in the forging of machine tools. MPT defaulted on the loans, and that default is the subject of an action pending before this Court at Civil Action No. 93–0163.

The loans were personally guaranteed, pursuant to individual guaranty agreements, executed by MPT President A.B. Kassir ("Kassir"), MPT Chairman of the Board and CEO Wolfgang Kieferle ("Kieferle"), and a major MPT shareholder, Michael Motsch-

mann ("Motschmann"). On February 1, 1993, PNB filed the instant action against Kassir, Kieferle and Motschmann (together, "the defendants"), for breach of the guaranty agreements. On June 11, 1993, Kieferle and Motschmann filed a motion to dismiss the complaint for insufficient service of process on them pursuant to Federal Rule of Civil Procedure 12(b)(5). On July 7, 1993, defendant Kassir filed an answer and crossclaim, seeking contribution and/or indemnification from defendants Kieferle and Motschmann. On July 20, 1993, Kieferle and Motschmann filed a motion to dismiss the crossclaim, incorporating by reference the arguments made in their motion to dismiss the complaint.

### Insufficient Service of Process

Kieferle and Motschmann are each citizens and residents of the Federal Republic of Germany. (Mot. Dismiss ¶ 1.) Neither Kieferle nor Motschmann maintains a residence in the United States. (*Id.*) Kieferle and Motschmann assert that they have not received actual notice of the summons and complaint in this case.

Each of the guaranty agreements contains the following provision:

> Any legal action or proceeding with respect to this Guaranty Agreement against the Guarantor may be brought at the option of the Bank in the Federal or State Courts in or of the Commonwealth of Pennsylvania and by execution and delivery of this Guaranty Agreement, the Guarantor hereby accepts, for itself and in respect of its assets, generally and unconditionally the non-exclusive jurisdiction of the aforesaid courts, and hereby authorizes service of process in such jurisdiction in any legal action or proceedings with respect to this undertaking at 7950 Georgetown Road, Suite 300, Indianapolis, IN 46268, and agrees that failure by any such process agent to give notice of such service of process to the Guarantor shall not impair or affect the validity of such service or any judgment based thereon.

(Pl.'s Br. Resp. Mot. Dismiss Ex. 1 at 2; Ex. 2 at 2.) Pursuant to the provisions in the guaranty agreements, PNB sent a process server to the address in Indianapolis, who gave the summons and complaint to a woman in an office at that address who did not reveal her name. (Pl.'s Br. Resp. Mot. Dismiss Ex. 3.) Kassir's answer and crossclaim was mailed to Kieferle and Motschmann at addresses in Germany.

Kieferle and Motschmann argue that, pursuant to Rule 12(b)(5), the complaint and crossclaim against them should be dismissed for insufficient service of process on the grounds that: (1) these defendants were entitled to receive service of process pursuant to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 (Nov. 15, 1965) (the "Hague Service Convention"), and neither service upon the address in Indianapolis nor the mailing to Germany comported with the Hague Service Convention; and (2) neither form of service complied with applicable Pennsylvania law or due process. Because neither method of service in this case would be acceptable under the Hague Service Convention,[1] the resolution of Kieferle and Motschmann's motions will depend upon whether service had to be effected in conformance with the Hague Service Convention.

### Service Pursuant to Guaranty Agreement Provision

■ PNB argues that: (1) service pursuant to the provision in the guaranty agreement (whether or not defendants actually received notice of the summons and complaint) is acceptable under Pennsylvania law; (2) such service comports with the due process clause; and therefore (3) the Hague Service Convention is not implicated. The Court's inquiry begins with the Supreme Court case *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). In the *Schlunk* case, the Supreme Court, having previously decided that the Hague Service

---

1. Mailing service of process directly by postal channels is provided for in Article 10 of the Hague Service Convention "[p]rovided the state of destination does not object," and the Federal Republic of Germany has refused to accept service pursuant to Article 10. *See* Hague Service Convention, Art. 10 and n. 10 ¶ 4.

Convention is mandatory with respect to the service of any documents within its scope (*Societe Nationale Industrielle Aerospatiale v. United States*, 482 U.S. 522, 534 n. 15, 107 S.Ct. 2542, 2551 n. 15, 96 L.Ed.2d 461 (1987)), was faced with the issue of determining when service of documents falls within the Convention's scope. The plaintiff in the case had served Volkswagen of Germany by serving Volkswagen of America, a wholly-owned subsidiary, using a provision of the Illinois long-arm statute. The issue of whether service on the subsidiary was effective as to the parent was not raised on appeal, and the Court had before it only the issue of whether this method of service was improper because it was not in compliance with the Hague Service Convention. The Court held that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." 486 U.S. at 707, 108 S.Ct. at 2112. *See also, Gallagher v. Mazda Motor of Am., Inc.*, 781 F.Supp. 1079, 1082 (E.D.Pa.1992); *Apollo Technologies Corp. v. Centrosphere Indus. Corp.*, 805 F.Supp. 1157, 1188–89 (D.N.J. 1992). Therefore, if PNB's method of service was proper under Pennsylvania law and the due process clause, the Hague Service convention is not implicated and service was properly made.

Kieferle and Motschmann assert that they have not appointed any person in the United States to act as their agent for the purpose of receiving process or for any other purposes. (Mot. Dismiss ¶ 2.) Nevertheless, PNB has provided copies of the guaranty agreements signed by Kieferle and Motschmann which provide that service of process could be made on them "in any legal action or proceedings with respect to this undertaking at 7950 Georgetown Road, Suite 300, Indianapolis, IN 46268." The issue in this case thus depends on whether service on an appointed agent pursuant to the guaranty agreements was valid under Pennsylvania law.[2]

Pennsylvania state courts have held that a court's jurisdiction over the person may be conferred by consent or agreement. *Commonwealth ex rel. Rothman v. Rothman*, 209 Pa.Super. 180, 223 A.2d 919, 922 (1966). "It is also well-settled that parties to a contract may agree in advance to submit to the jurisdiction of a given court, and provide for the appointment of an agent to receive process." *Continental Bank v. Brodsky*, 225 Pa.Super. 426, 311 A.2d 676, 677–78 (1973) (citing *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), Restatement, Judgments, § 18 and comments c and d (1942), and Restatement 2d, Conflict of Laws, § 32 and comments e and f (1969)). *See also Aamco Automatic Transmissions, Inc. v. Hagenbarth*, 296 F.Supp. 1142, 1143 (E.D.Pa.1968); *Accu–Weather, Inc. v. Thomas Broadcasting Co.*, 425 Pa.Super. 335, 625 A.2d 75, 80 (1993). The fact that such service is not provided for by the Pennsylvania Rules of Civil Procedure is not determinative, because

> we are of the opinion that the complaint in this case need not be served in the manner authorized by the Pennsylvania Rules of Civil Procedure. Since a defendant may consent to jurisdiction of his person and since he may waive defects in such service, he may certainly consent to the jurisdiction of the court over his person without exacting performance of the usual legal formalities as to service of process.

*Brodsky*, 311 A.2d at 678 (footnote omitted).

The fact that neither Kieferle nor Motschmann maintained a residence or business at the Indianapolis address is also irrelevant. In *Szukhent, supra*, the fact that Florence Weinberg was not known to the defendants and may even have been related to an officer of the plaintiff corporation did not invalidate her appointment to receive service of process. 375 U.S. at 317, 84 S.Ct. at 415.

■ In addition, service upon an appointed agent comports with the due process clause. *See Szukhent*, 375 U.S. at 315, 84

---

**2.** Kieferle and Motschmann suggest that service was attempted by mail and was ineffective for want of a signed return receipt. PNB's Proof of Service forms demonstrate, however, that PNB engaged process server Walter Carlisle, who at-

tempted *personal* delivery of the summons and complaint on three occasions and who succeeded in leaving the documents with an unidentified woman in the office on the third attempt. (Pl.'s Br. Resp. Mot. Dismiss Ex. 3.)

S.Ct. at 415. Although Kieferle and Motschmann maintain that they never actually received notice of the suit, whether a method of service of process accords an intended recipient with due process depends on whether the form is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). "As long as a method of service is reasonably certain to notify a person, the fact that the person nevertheless fails to receive process does not invalidate the service on due process grounds." *Stateside Mach. Co., Ltd. v. Alperin*, 591 F.2d 234, 241 (3d Cir.1979). In this instance, PNB made provision to serve Kieferle and Motschmann at the Indianapolis address and then followed the procedure delineated in the guaranty agreements. Such service was "reasonably calculated" to reach them and it comported with due process. Therefore, because service at the address in Indianapolis as provided in the guaranty agreements is acceptable under Pennsylvania law and comports with the due process clause, the Hague Service Convention is not implicated and Kieferle and Motschmann's motion should be denied.

### Service by Mail

■ On the other hand, defendant Kassir's answer and crossclaim was not served upon Kieferle and Motschmann by delivery to the Indianapolis address as authorized in the agreements. Further, it was not served upon them in a manner recognized by Pennsylvania law or the Hague Service Convention. Under Pennsylvania Rule 404, service outside the Commonwealth may be made "by any competent adult by mail in the manner provided by Rule 403." Rule 404(2). Rule 403 provides that service must be made with a return receipt to be signed by the defendant or his authorized agent and returned to the serving party. Kassir has not provided any evidence that such procedures were followed, and therefore his method of service was not in compliance with Pennsylvania law.

Moreover, because Kassir's method of service involved mailing documents abroad, the *Schlunk* case indicates that the Hague Service Convention would be applicable. As indicated above, service by direct mail is not acceptable in the Federal Republic of Germany under the Hague Service Convention. Therefore, Kassir's attempted method of service upon Kieferle and Motschmann was ineffective.

Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.

*Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992) (citing *Richardson v. Ingram Corp.*, 374 F.2d 502, 503 (3d Cir.), *cert. denied*, 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967), *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C.Cir.1983), and 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1354 at 288–92 (1990)).

In this instance, Kieferle and Motschmann have offered no reason why Kassir could not effect proper service using the provisions of the Hague Service Convention. The Court should quash service of Kassir's crossclaim on Kieferle and Motschmann and allow Kassir to attempt to serve these defendants again.

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Rule 4 of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.

Dated: January 14, 1994.