**The BANCORP GROUP, INC., Appellee,**

v.

**PIRGOS, INC. d/b/a Cascade Diner a/k/a Cascade Family Restaurant and John G. Rigopoulos, jointly and severally, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1999.

Filed Jan. 6, 2000.

---

David L. Peratzian, Philadelphia, for appellants.

Daniel K. McCarthy, Allentown, for appellee.

Before POPOVICH, JOYCE and TAMILIA, JJ.

POPOVICH, J.:

¶ 1 This case involves an appeal from the order denying the defendants' petition to open a foreign default judgment on the basis: 1) the out-of-state court lacked jurisdiction; and 2) the judgment was obtained by fraud. We affirm.

¶ 2 We begin our analysis with the observation that a court must have personal jurisdiction over a party to enter a judgment against it. "[A]ction taken by a court without jurisdiction is a nullity." *Dubrey v. Izaguirre*, 454 Pa.Super. 504, 685 A.2d 1391, 1393 (1996). Moreover, this Court has held that a judgment may be attacked for lack of jurisdiction at any time, *id.*; or if the judgment had been obtained by fraud, duress or mutual mistake. *Mac's Car City, Inc. v. DiLoreto*, 238 Conn. 172, 679 A.2d 340, 345–46 n. 9 (1996). Lastly, the full faith and credit clause does not require recognition for a judgment of a sister state rendered without jurisdiction. Art. IV, Sec. 1 of the United States Constitution; *Gersenson v. Life and Health Ins. Guar.*, 729 A.2d 1191, 1195 (1999).

¶ 3 The record discloses that on the 1st of August, 1996, the plaintiff/Bancorp Group, Inc. filed a complaint in the 46th Judicial District of the State of Michigan against the defendants on the basis that a default had occurred under a lease-purchase agreement guaranteed personally by the co-defendant/Rigopoulos. Bancorp's place of business was in Michigan while the latter two resided in Lehigh County, Pennsylvania. The equipment was purchased through a local salesperson employed by "Silent Partners", a Georgia-based company, and the financing was provided by the plaintiff.

¶ 4 The plaintiff averred that the lease-purchase agreement was governed by the laws of Michigan in accordance with the terms of the contract, the defendants consented to the jurisdiction and venue of the

Michigan courts pursuant to Paragraph 16 of the lease agreement, and the defendants had engaged in "such conduct in and connection with Michigan as to reasonably anticipate and foresee being haled into a Michigan court for breach of the lease." See Plaintiff's Complaint, Paragraphs 6–9.

¶ 5 The agreement was executed on June 24, 1995, and required the defendants to pay $189 per month for 36 months to lease electronic monitoring equipment. Default occurred on June 18, 1996, which resulted in a notice of acceleration and demand for payment of $9,657.26. Judgment was obtained on August 13, 1996. A certified copy of the record was transferred to the Court of Common Pleas of Lehigh County on July 14, 1997, after which a stay of execution was granted and bond posted until the defendants filed a Petition to Strike on the grounds that the judgment was obtained by fraud and collusion, which rendered it violative of due process and not entitled to full faith and credit. After the submission of an answer and briefs by both sides, the court below denied the Petition to Strike.

¶ 6 On August 17, 1998, the defendants' Petition to Open Foreign Default Judgment[1] claimed possession of "substantial and extensive facts through sworn testimony, depositions, affidavits, documents and records to support" opening the default judgment. Paragraph 8. Further, the defendants averred that the judgment was obtained by fraud and rendered by a court (in Michigan) with no jurisdiction, each of which could be raised to void or attack the judgment at any time. *Id.* at 13 & 14.

¶ 7 More particularly, the defendants asserted that at no time did it interact with the plaintiff prior to, during or after the execution of the agreement. Rather, the defendants always dealt with the sales representative ("John") of the Georgia-based ("Silent Partners") company regarding the agreement. Even when the defendants had decided to sell their business, the de-

fendants were advised by Silent Partners that there "would not be a problem despite the fact that the equipment was leased. John said he would 'take care of it.' " *Id.* at 24.

¶ 8 Nevertheless, the defendants were never advised of the status of negotiations between the new owner and the plaintiff concerning the surveillance equipment. In fact, Silent Partners, at the plaintiff's direction, removed the equipment and returned it to Michigan. Before the defendants could respond to the plaintiff's offer to settle, a default judgment was entered in Michigan, and Pennsylvania counsel was hired to collect the debt filed in Lehigh County on July 14, 1997.

¶ 9 Based on the preceding, the defendants contended that fraud and collusion, as well as the lack of jurisdiction in the Michigan court, existed warranting opening the default judgment. The court below disagreed holding that the forum selection clause was valid and binding under Michigan law and must be enforced. This appeal followed and challenges the order refusing to open judgment on the basis that the forum state lacked jurisdiction to enter the default judgment.

¶ 10 It is beyond cavil that a "choice of law" provision is not conclusive in deciding the issue of personal jurisdiction in a multi-state dispute. For example, in the leading case of *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court examined the effects of just such a provision; to-wit:

> ... [C]hoice of law analysis—which focuses on all elements of a transaction, and not simply on the defendant's conduct—is distinct from minimum contacts jurisdictional analysis—which focuses at the threshold solely on the defendant's purposeful connection to the forum. ... [S]uch a provision standing alone would be insufficient to confer jurisdiction.

---

1. The denial of the Petition to Strike does not preclude review of the Petition to Open. *Fierst*

*v. Commonwealth Land Title Ins. Co.*, 369 Pa.Super. 355, 535 A.2d 196, 198–99 (1987).

*Id.* at 482, 105 S.Ct. at 2187 (citations omitted); *Stuart v. Spademan*, 772 F.2d 1185, 1189 (5th Cir.1985)(choice of law provision must be distinguished from choice of forum provision which designates specifically the forum wherein actions relating to agreement are to be brought).

¶ 11 We agree that a provision in an agreement that the laws of a particular forum are to govern disputes arising under the agreement is not the equivalent of a consent to personal jurisdiction. *Tandy Computer Leasing v. DeMarco*, 388 Pa.Super. 128, 564 A.2d 1299, 1303 (1989). Here, in contrast to *Burger King* and *Tandy* but similar to *Potomac Leasing v. French Connection*, 172 Mich.App. 108, 431 N.W.2d 214, 216 (1988), we have the parties agreeing in advance of litigation to submit to the personal jurisdiction of a particular forum. *Burger King, supra*, 471 U.S. at 472 n. 14, 105 S.Ct. 2174; *National Equipment Rental Ltd. v. Miller*, 73 Mich.App. 421, 251 N.W.2d 611 (1977).

¶ 12 At bar, the plaintiff proffers the defendants agreed to submit to Michigan's jurisdiction in Paragraph 16 of the lease agreement, which provides:

> Consent to Michigan Jurisdiction and Venue in consideration for the Lease rate, and in order to induce Lessor to enter into the Lease, LESSEE CONSENTS TO THE PERSONAL JURISDICTION AND VENUE OF ANY COURT LOCATED IN THE COUNTY OF OAKLAND, STATE OF MICHIGAN, and LESSEE WAIVES ALL OBJECTIONS BASED UPON IMPROPER JURISDICTION, VENUE, OR FORUM NON–CONVENIENS.

Moreover, the defendants executed a lease agreement containing the following clause:

> Lessee has reviewed and understands all of the terms and conditions of the entire Lease Agreement and that all pages are legally binding. . . . Lessee was not induced to sign this by any assurances of the Lessor or anyone else. Lessee acknowledges receipt of a copy of the entire Lease, consisting of 4 or more pages.

Therefore, in light of the preceding, for the defendants to argue now that it did not read the lease agreement with the choice of forum language is to no avail. *Estate of Brant*, 463 Pa. 230, 234–36, 344 A.2d 806, 809 (1975)(failure to read a contract does not serve as a basis to avoid the contract).

¶ 13 Given the unambiguous provision of the lease agreement quoted above at Paragraph 16, we discern a clear indication that the defendants consented to personal jurisdiction of the court's in Michigan. Stated otherwise, we hold that the court ruled correctly that the 46th Judicial District, State of Michigan court had personal jurisdiction over the defendants so as to enter a default judgment, an order enforceable in Pennsylvania under the full faith and credit clause of the United States Constitution. *Burger King, supra*.

¶ 14 Affirmed.[2]

---

**2.** Equally meritless is the defendants' contention that fraud and collusion was the predicate for entry of the default judgment, a claim which lacks specificity as to time, place, person and/or language required for fraud under our Pennsylvania Rules of Civil Procedure.