## First Union Commercial Corp. v. Medical Management Services

*Barbara L. Farley,* for plaintiff.
*Robert L. Grundlock,* for defendant.

HERRON, *J.,* July 26, 2000—In its complaint, plaintiff and lessor First Union Commercial Corporation alleges that defendant and lessee Medical Management Services Inc. defaulted on five medical equipment leases. Defendant Alan Sandberg, a guarantor of the leases, filed preliminary objections. The court overrules those preliminary objections.

## FACTS

From June 12, 1997 to May 11, 1998, Lear Financial Corporation executed five written leases of medical equipment to MMS. Defendants Sandberg and Kenneth Davis executed written guaranties of each lease. Each guaranty permits Lear to assign the guaranty, and Lear assigned each guaranty to CoreStates Leasing Inc. CoreStates has since merged with First Union.

Each guaranty has the following clause:

"(10) Law and jurisdiction. This guaranty shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. Guarantor agrees that any actions or proceeding to which lessor is a party

arising directly or indirectly from this guaranty shall be litigated, at lessor's option, in any state or federal court having situs within the Commonwealth of Pennsylvania and that said court shall have jurisdiction thereof." Guaranty ¶10.

The complaint alleges that MMS defaulted on the five leases. In accordance with the acceleration clause in each lease, First Union declared immediately due all remaining rents, plus sales tax, interest, late charges and 20 percent attorney's fees.

First Union sues MMS on the leases and Sandberg and Davis on their guaranties, demanding $62,085.75 plus interest, late charges and costs. Only Sandberg has filed preliminary objections. Sandberg makes four arguments: (1) that First Union lacks capacity to sue under the guaranties, (2) that this court does not have personal jurisdiction over him, (3) that the complaint lacks specificity because it does not allege the time and place of contracting, and (4) that First Union has not properly pleaded damages.

## DISCUSSION

### I. The Complaint Sufficiently Alleges First Union's Capacity To Sue Under the Guaranties

Sandberg argues that First Union lacks capacity to sue on the guaranties. Pa.R.C.P. 1028(a)(5). Sandberg does not attack the validity of Lear's assignments of the guaranties to CoreStates, but argues only that First Union has not shown that it is CoreState's successor in interest. The argument borders on being frivolous. In its complaint, First Union alleged its well-known merger with

CoreStates. First Union has since produced, under the seal of the Secretary of the Commonwealth, a copy of the articles of merger and the agreement and plan of merger. See Pa.R.E. 902(l) (setting forth self-authenticating nature of domestic public documents under seal). As the survivor of this merger, First Union succeeded to the rights and obligations of CoreStates. 15 Pa.C.S. §1929; *Park v. Greater Delaware Valley Savings & Loan Association,* 362 Pa. Super. 54, 63, 523 A.2d 771, 776 (1987).

The court overrules Sandberg's motion to strike the complaint for lack of capacity to sue.

## II. *This Court May Exercise in Personam Jurisdiction Over Sandberg*

Sandberg argues that the court lacks personal jurisdiction over him. Pa.R.C.P. 1028(a)(1). The court disagrees. In general, when a party objects to a court's exercise of personal jurisdiction, the non-moving party bears the burden of demonstrating contacts with the forum state sufficient to justify the assertion of personal jurisdiction. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). But each guaranty contained a clause selecting Pennsylvania as the forum for disputes. In actions involving forum selection clauses, the non-moving party need not demonstrate that the defendant's contacts with the forum state are sufficient. *Pennsylvania House Inc. v. Barrett,* 760 F. Supp. 439, 448 n.13 (M.D.Pa. 1991); *Mutual Fire, Marine and Inland Insurance Co. v. Barry,* 646 F. Supp. 831, 833 (E.D. Pa. 1986). This is because an objection to the assertion of personal jurisdiction is a waivable right, and parties may agree in advance to confer personal jurisdiction on a particular

court. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n.14 (1985) (stating that enforcement of a forum selection clause in a freely negotiated instrument between commercial parties does not offend the due process clause); *National Equipment Rental Ltd. v. Szukhent,* 375 U.S. 311, 316 (1964) (stating "that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether" and enforcing clause appointing agent for service of process); *Continental Bank v. Brodsky,* 225 Pa. Super. 426, 429, 311 A.2d 676, 677-78 (1973) (same); *Commonwealth ex rel. Rothman v. Rothman,* 209 Pa. Super. 180, 184, 223 A.2d 919, 922 (1966) (stating that "[i]t is well-settled that a court's jurisdiction over the person may be conferred by consent or agreement."). Therefore, where there is a forum selection clause, the only issue is the enforceability and effect of the clause. *Mutual Fire, Marine and Inland Insurance Co.,* 646 F. Supp. at 833 (1986). In a breach of contract action such as this one, that determination is one of contract law. *General Eng'g Corp. v. Martin Marietta Alumina,* 783 F.2d 352, 356-57 (3d Cir. 1986) (treating interpretation of a forum selection clause in a breach of contract action as a matter of state law); *Mutual Fire, Marine and Inland Insurance Co.,* 646 F. Supp. at 833 (1986) (same).

Under Pennsylvania law,[1] a forum selection clause is enforceable unless the party challenging the clause can show (1) that the parties did not freely agree to the clause

---

1. The parties do not argue that the law of New York or another state applies to the interpretation of the forum selection clause. Since the choice of law provision in the contract designates Pennsylvania law, the court applies Pennsylvania law.

or (2) that enforcement of the clause would be unreasonable. *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 133, 209 A.2d 810, 816 (1965); *Pennsylvania House Inc. v. Barrett,* 760 F. Supp. 439, 443-44 (M.D. Pa. 1991); *Mutual Fire, Marine and Inland Insurance Co.,* 646 F. Supp. at 833; see also, *Bancorp Group Inc. v. Pirgos Inc.,* 744 A.2d 791, 794 (Pa. Super. 2000) (holding that unambiguous forum selection clause was enforceable under Michigan law).[2] A forum selection clause is

2. A party may use a forum selection clause either to limit or to enlarge a court's jurisdiction. In the limiting situation, the forum selection clause takes away the power of the Pennsylvania court to hear the case where subject matter, personal jurisdiction and venue are otherwise proper if "the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." See *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 133, 209 A.2d 810, 815 (1965) (remanding to lower court to decide whether it should decline to exercise jurisdiction in support of parties' agreement selecting New York as forum), explained in *Continental Bank v. Brodsky,* 225 Pa. Super. 426, 429, 311 A.2d 676, 677-78 (1973); *General Eng'g Corp. v. Martin Marietta Alumina,* 783 F.2d 352, 356-57 (3d Cir. 1986); Restatement (Second) of Conflict of Laws §80 (stating that "[t]he parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable.").

In the enlargement situation—which is the situation here—the forum selection clause confers personal jurisdiction and venue on the Pennsylvania court where jurisdiction or venue otherwise would not exist. *Bancorp Group Inc. v. Pirgos Inc.,* 744 A.2d 791, 794 (Pa. Super. 2000) (holding that forum selection clause was enforceable to confer personal jurisdiction where personal jurisdiction otherwise did not exist); *Continental Bank v. Brodsky,* 225 Pa. Super. 426, 429, 311 A.2d 676, 677-78 (1973); *Mutual Fire, Marine and Inland Insurance Co. v. Barry,* 646 F. Supp. 831, 833 E.D. Pa. 1986) (asserting personal jurisdiction based on forum selection clause where personal jurisdiction otherwise did not exist). Federal courts have applied the *Central Contracting* "freely agreed" and "not unreasonable" standard in evaluating the enlargement situation. *Pennsylvania House Inc. v. Barrett,*

freely agreed to if it meets the normal requirements of contract law. See *e.g., id.* (holding that, under the principles of contract law, defendants' failure to read a forum selection clause before signing did not serve as a basis to avoid the clause); *Churchill Corp. v. Third Century Inc.,* 396 Pa. Super. 314, 321, 578 A.2d 532, 536 (1990) (holding that forum selection clause was unenforceable where parties had not freely bargained for the clause and there was no consideration for the clause). A forum selection clause is unreasonable only if its enforcement-would, under the circumstances existing at the time of the litigation, "seriously impair" the litigant's ability to pursue his claims or defenses. *Central Contracting,* 418 Pa. at 133, 209 A.2d at 816. "[M]ere inconvenience or additional expense" does not constitute unreasonableness. *Id.*, quoted in *Mutual Fire, Marine and Inland Insurance Co.,* 646 F. Supp. at 833. Additional expense may rise to the level of unreasonableness, however, when the selected forum is so remote as to make the cost of defending against the suit greater than the cost of paying a default judgment. *Churchill Corp.,* 396 Pa. Super. at 322, 578 A.2d at 536.[3]

---

760 F. Supp. 439, 443-44 (M.D. Pa. 1991); *Mutual Fire, Marine and Inland Insurance Co.,* 646 F. Supp. at 833.

3. In *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972), the United States Supreme Court applied a similar reasonableness analysis under admiralty law to enforce a forum selection clause. The court held that a forum selection clause is enforceable absent a strong or clear showing by the party challenging the clause that (1) there was fraud or overreaching, (2) enforcement of the clause would contravene a strong public policy of the forum, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the party will for all practical purposes be deprived of his day in court. *Id.* at 15-18.

The court may exercise personal jurisdiction over Sandberg because Sandberg consented in advance to the court's jurisdiction. Sandberg does not allege that the forum selection clause is unreasonable. Instead, he argues that he did not consent to a Pennsylvania court's assertion of personal jurisdiction over him because the forum selection clause does not describe the jurisdiction conferred as *personal* jurisdiction. Sandberg contrasts his forum selection clause with that of the defendants in *Bancorp Group Inc. v. Pirgos Inc.,* 744 A.2d 791, 794 (Pa. Super. 2000). In *Bancorp Group,* the plaintiff sought to enforce a Michigan judgment in Pennsylvania. The defendants attacked the validity of the judgment—entered in a contract action—on the ground that the Michigan court lacked personal jurisdiction over them. The basis of the Michigan court's assertion of jurisdiction was a clause in the contract stating that defendant agreed to submit to "personal jurisdiction and venue" in Michigan. The Pennsylvania Superior Court held that the Michigan court had properly asserted personal jurisdiction. An unambiguous provision agreeing to submit to personal jurisdiction in a particular forum is a clear indication that the party consented to personal jurisdiction in the forum. *Bancorp Group,* 744 A.2d at 794.

The clause in *Bancorp Group* specifically stated that the defendant consented to *personal* jurisdiction. The court holds, however, that Sandberg freely and unambiguously agreed to confer personal jurisdiction on this court by consenting to jurisdiction in Pennsylvania. Guaranty contracts are subject to the same rules of interpretation as other contracts. *Meeting House Lane Ltd. v. Melso,* 427 Pa. Super. 118, 628 A.2d 854, 857 (1993). The court must determine and give effect to the clearly expressed

intentions of the parties. *Id.* If possible, the court must give effect to all of the language employed in the contract. *Best v. Realty Management, Corp.,* 174 Pa. Super. 326, 101 A.2d 438, 439 (1953).

It is clear that the parties intended that Pennsylvania courts have personal jurisdiction over Sandberg. Without Sandberg's agreement to submit to personal jurisdiction in Pennsylvania, the forum selection clause would be meaningless. See *Pennsylvania House,* 760 F. Supp. at 448 (holding that a venue selection clause contains an implied consent to personal jurisdiction because, without consent to personal jurisdiction a choice of venue would be meaningless). In addition, jurisdiction could have meant nothing but personal jurisdiction: parties may not confer subject matter jurisdiction by consent. *Schleifer v. Zoning Board of Adjustment,* 374 Pa. 277, 280, 97 A.2d 782, 784 (1953) (stating that "jurisdiction of the subject matter cannot be conferred upon a court by agreement,—contra as to jurisdiction of the person . . . ."). Applying Pennsylvania law, federal courts have reached similar results. See *Gandalf Sys. Corp. v. Tri-Tek Info. Sys. and Serv.,* 1992 WL 172596 (E.D. Pa.) (exercising personal jurisdiction based on a forum selection clause that conferred "jurisdiction and venue" on Pennsylvania courts); *Pennsylvania House,* 760 F. Supp. at 448 (exercising personal jurisdiction based on a forum selection clause that conferred venue in Pennsylvania but that did not expressly mention jurisdiction); *Mutual Fire, Marine and Inland Insurance Co.,* 646 F. Supp. at 833 (same); *Insurance Co. of N. Am. v. Hoffman,* 1989 WL 46186 (E.D. Pa.) (exercising personal jurisdiction based on a forum selection clause that permitted an action to "be brought in any state or federal court of

competent jurisdiction in any county in the State of Pennsylvania"). Compare with *Atlantic Fin. Fed. v. Bruno,* 698 F. Supp. 568, 570 (E.D.Pa. 1988) (holding that confession of judgment clause was too vague to confer personal jurisdiction in Pennsylvania because clause authorized "any court of record" to enter judgment against the debtor).

Sandberg also argues that the court must have an independent source of personal jurisdiction over him before interpreting the forum selection clause. One might read Sandberg's argument two ways, and the court disagrees with both. First, Sandberg might be arguing that a court must possess jurisdiction before deciding whether it possesses jurisdiction. Second, Sandberg might be arguing that a plaintiff must demonstrate sufficient minimum contacts before the court enforces a forum selection clause. The first is tautologically absurd and the second is contrary to the due process clause and Pennsylvania law. *Pennsylvania House,* 760 F. Supp. at 448 n.13; *Mutual Fire, Marine and Inland Insurance Co.* 646 F. Supp. at 833 (1986).

The court overrules Sandberg's preliminary objection to personal jurisdiction.

### III. *The Complaint Is Sufficiently Specific*

Sandberg argues that the complaint lacks sufficient specificity because it does not allege the time and place of contracting. Pa.R.C.P. 1019(f), 1028(a)(3). The complaint states the date of execution of each of the leases. The complaint does not state the place of contracting. The place of contracting would be relevant to demonstrating whether Sandberg has sufficient minimum contacts with Pennsylvania. Because the enforceability of

the forum selection clause makes the minimum contacts analysis unnecessary, the court overrules the preliminary objection.

## IV. *First Union Has Properly Pleaded Damages*

Sandberg argues that First Union did not plead damages properly because (1) the complaint impermissibly seeks recovery of New York sales tax, (2) the demand for 20 percent attorney's fees is unreasonable, and (3) the complaint does not specifically state the amount due. Though Sandberg phrases preliminary objection as a demurrer or motion to strike the complaint, the appropriate means for challenging an erroneous prayer for damages is a preliminary objection in the nature of a motion to strike off impertinent matter. *Hudock v. Donegal Mutual Insurance Co.,* 438 Pa. 272, 277 and n.2, 264 A.2d 668, 671 and n.2 (1970); Pa.R.C.P 1028(a)(2). Therefore, the court cannot dismiss a complaint on the issue of damages. *Hudock,* 264 A.2d at 671 and n.2.

Even if the court interprets the preliminary objection as coming under Pa.R.C.P. 1028(a)(2), the court must overrule the objection. The complaint sets forth in detail the amounts allegedly due under each lease. The court cannot determine at this stage whether these amounts are erroneous, whether sales tax is recoverable or whether the attorney's fees are reasonable. The court overrules the preliminary objection.

The court will enter a contemporaneous order overruling Sandberg's preliminary objections and ordering Sandberg to file an answer to the complaint within 20 days of the entry of the order.

## ORDER

And now, July 26, 2000, upon consideration of the preliminary objections of defendant Alan Sandberg to the plaintiff's complaint and plaintiff's response, and in accordance with the court's contemporaneously-filed memorandum opinion, it is hereby ordered that Sandberg's preliminary objections are denied. Sandberg shall file an answer to the complaint within 20 days of the date of entry of this order.

